IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 107,684

STATE OF KANSAS,
*Appellee*,

v.

KENNETH J. TAFOYA,
*Appellant.*

SYLLABUS BY THE COURT

1.

Whether a district court has complied with the mandate of an appellate court is a question of law over which we exercise plenary review.

2.

A sentence is effective when pronounced from the bench. A sentence is the judgment of the court which formally declares to the accused the legal consequences of his or her conviction. The final judgment in a criminal case is the sentence. Once sentence is pronounced and judgment entered, the district court loses jurisdiction over a criminal case except to correct arithmetic or clerical errors.

3.

A district court has no authority to modify unchallenged sentences following a remand by an appellate court except when modification is needed to correct arithmetic or clerical errors. The only other exception occurs when a sentence is determined to be illegal within the meaning of K.S.A. 22-3504. Thus, on remand from a higher court, absent narrow exceptions, a district court's jurisdiction to resentence or otherwise deviate

1

from an already pronounced sentence is limited to the express instructions contained in the higher court's mandate.

4.

A sentence is not rendered illegal simply because the district court judge fails to consider (or fails to state on the record that he or she has considered) the financial resources of the defendant when determining either the discretionary amount of a fine or the discretionary method of payment. A remand from an appellate court to a district court to correct this error is not a remand for resentencing.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 12, 2014. Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed June 17, 2016. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: Kenneth. J. Tafoya was convicted by a jury in 2008 of one count of driving under the influence (DUI). Tafoya had three prior DUI convictions, all occurring in the 1990s. When Tafoya was sentenced in 2008, Kansas DUI sentencing statutes provided for a lifetime lookback period for purposes of classifying the current conviction as a second conviction, third conviction, etc. See K.S.A. 2010 Supp. 8-1567(o)(3). Including his three prior convictions from the 1990s, Tafoya's 2008 conviction was

properly classified as a fourth DUI, and Tafoya was sentenced accordingly to 180 days in jail, 12 months' postrelease supervision, and a mandatory $2,500 fine.

On direct appeal, the Court of Appeals ruled that the district court had erred by imposing a mandatory fine without making the necessary factual findings concerning Tafoya's financial condition. *State v. Tafoya*, No. 100,784, 2010 WL 5185473, at *9 (Kan. App. 2010) (unpublished opinion), *rev. denied* 293 Kan. 1113 (2011) (*Tafoya I*). Specifically, the panel upheld Tafoya's conviction and sentencing for a fourth DUI but found that the district court erred by failing to consider community service under K.S.A. 2006 Supp. 8-1567(j) in lieu of a direct payment of the fine. 2010 WL 5185473, at *9. Announcing its holding on this point, the panel ordered that "Tafoya's fine must be vacated and the case must be remanded for reconsideration of the method of payment of the fine." 2010 WL 5185473, at *9. However, when summarizing the outcome of the appeal in the final sentence of the opinion, the Court of Appeals wrote: "Affirmed in part; sentence vacated and remanded for resentencing." 2010 WL 5185473, at *10.

After the Court of Appeals decision in *Tafoya I*, but before the district court held the remand hearing as instructed by the panel, the legislature amended the DUI lookback provisions, effective July 1, 2011, to encompass only convictions occurring "on or after July 1, 2001." K.S.A. 2011 Supp. 8-1567(j)(3). Thus, at the time of the remand hearing in February 2012, Tafoya sought the benefit of the new, more limited lookback period which would have resulted in a resentencing for a first DUI, rather than a fourth DUI. The district court ruled that it had no jurisdiction to resentence Tafoya because the panel's mandate was limited to "reconsideration of the method of payment of the fine." The district court simply allowed Tafoya to perform community service in lieu of a direct payment of his mandatory DUI fine.

3

Tafoya again appealed and argued for a retroactive application of K.S.A. 2011 Supp. 8-1567(j)(3) to his 2008 conviction. *State v. Tafoya*, No. 107,684, 2013 WL 1457946 (Kan. App. 2013) (unpublished opinion) (*Tafoya II*). Another panel of the Court of Appeals had recently decided *State v. Reese*, ruling that the 2011 lookback period was not applicable to crimes committed prior to its effective date. 48 Kan. App. 2d 87, 283 P.3d 233 (2012), *rev'd* 300 Kan. 650, 333 P.3d 149 (2014). Relying on the Court of Appeals' holding in *Reese*, the *Tafoya II* panel ruled that because Tafoya's conviction occurred in 2008, he was not entitled to the 2011 lookback period. 2013 WL 1457946, at *2-3.

Soon after, however, while Tafoya's petition for review of *Tafoya II* was pending, we considered the decision of the Court of Appeals in *Reese* and reversed. *State v. Reese*, 300 Kan. 650, 333 P.3d 149 (2014). There, we held that the question was not properly one of *retroactive* application. Rather, because the classification of a DUI conviction as a first conviction, second conviction, etc. was to occur "at the time of sentencing," the 2011 lookback period applied "to all persons who are sentenced for DUI on or after the July 1, 2011, effective date of the amended statute." 300 Kan. 650, Syl. In light of our decision in *Reese*, we granted a number of pending petitions for review affected by the *Reese* holding—including Tafoya's petition for review of the decision in *Tafoya II*—and then summarily vacated the decisions of the Court of Appeals and remanding the cases to the Court of Appeals for reconsideration in light of *Reese*.

The question on remand—and the question now before us in Tafoya's third trip to this court—was a simple one: When was Tafoya sentenced? If he was sentenced in 2008, the lifetime lookback provision was properly applied. If he was sentenced following the remand hearing in 2012, however, pursuant to *Reese* he would be entitled to the benefits of the 2011 lookback period. In Tafoya's case, the sentencing difference is significant. The Court of Appeals again affirmed Tafoya's sentence for a fourth DUI conviction,

4

finding that Tafoya was actually sentenced in 2008 and that the 2012 remand hearing was limited to the question of the method of payment of the mandatory fine. As such, the panel reasoned that Tafoya was neither sentenced nor resentenced in 2012. *State v. Tafoya*, No. 107,684, 2014 WL 7152142, at *2 (Kan. App. 2014) (unpublished opinion) (*Tafoya III*).

Tafoya appeals and we now affirm, thus ending his long sojourn through our appellate courts.

ANALYSIS

Whether a district court has complied with the mandate of an appellate court is a question of law over which we exercise plenary review. *State v. Guder*, 293 Kan. 763, 765, 267 P.3d 751 (2012). Generally referred to as the "mandate rule," K.S.A 60-2106(c) provides:

> "When . . . a decision of an appellate court becomes final, such court shall promptly cause to be transmitted to the clerk of the district court its mandate containing such directions as are appropriate under the decision. A copy of the opinion of the court shall accompany and be a part of the mandate. . . . Such mandate and opinion, without further order of the judge, shall thereupon be a part of the judgment of the court if it is determinative of the action, or shall be controlling in the conduct of any further proceedings necessary in the district court."

"If our decision and mandate is fully determinative of the issues presented in the proceedings below, they become a part of the judgment in the case without further order of the trial court." *Provance v. Shawnee Mission U.S.D. No. 512*, 235 Kan. 927, 933, 683 P.2d 902 (1984) (construing K.S.A. 60-2106). Furthermore, "where our decision and mandate [of the appellate court] does not fully determine the issues pending before the

trial court . . . directions are necessary or appropriate to control the conduct of further proceedings to resolve any remaining issues." 235 Kan. at 933.

A sentence is effective when pronounced from the bench. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012); *State v. Jackson*, 262 Kan. 119, 140, 936 P.2d 761 (1997). A sentence is the judgment of the court that formally declares to the accused the legal consequences of his or her conviction. *State v. Van Winkle*, 256 Kan. 890, 895, 889 P.2d 749 (1995). The final judgment in a criminal case is the sentence. 256 Kan. at 895. Once sentence is pronounced and judgment entered, the district court loses jurisdiction over a criminal case except to correct arithmetic or clerical errors. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014).

Likewise, a district court has no authority to modify unchallenged sentences following a remand by an appellate court except when modification is needed to correct arithmetic or clerical errors. See *Guder*, 293 Kan. at 766-67. The only other exception occurs when a sentence is determined to be illegal within the meaning of K.S.A. 22-3504, which may happen at any time. *State v. Harp*, 283 Kan. 740, 743, 156 P.3d 1268 (2007). Thus, on remand from a higher court, absent narrow exceptions, a district court's jurisdiction to resentence or otherwise deviate from an already pronounced sentence is limited to the express instructions contained in the higher court's mandate.

Simply put, the outcome of this case depends entirely on the mandate issued by the *Tafoya I* panel of the Court of Appeals to the lower court. Ordinarily, determining the controlling content of an appellate court's mandate ought not be difficult. In this case though, as has become clearer in light of the peculiar subsequent series of events and legal holdings, the *Tafoya I* panel gave what amounted to two different, contradictory explanations of its mandate. On the one hand, it instructed: "Tafoya's fine must be vacated and the case must be remanded for reconsideration of the method of payment of

6

the fine"; and on the other hand, it announced: "[Tafoya's] sentence vacated and remanded for resentencing." 2010 WL 5185473, at *9-10. Which is it?

If the *Tafoya I* mandate vacated Tafoya's 2008 sentence and remanded for resentencing, he should have had the benefit of the 2011 lookback period and been resentenced accordingly. If, however, the *Tafoya I* mandate did not vacate Tafoya's 2008 sentence and remanded to the district court only for the limited purpose of properly considering and determining the *method* of the payment of the mandatory fine, then the district court was correct that it was not vested with jurisdiction to resentence Tafoya, and his 2008 sentence cannot be disturbed or otherwise rendered illegal by the 2011 changes to the lookback period.

Given that *Tafoya I* remanded this case pursuant to our holding in *State v. Copes*, 290 Kan. 209, 224 P.3d 571 (2010), we find it useful to look to *Copes* to determine the substantive effect of a *Copes* remand. In *Copes*, we held:

> "Where the *amount* of fine is discretionary, this court has required the district court to 'state on the record that he or she has taken into account the financial resources of the defendant and the nature of the burden that payment of the fine will impose.' *State v. McGlothlin*, 242 Kan. 437, 441, 747 P.2d 1335 (1988). We see no reason to require a different procedure when the *method* of payment is discretionary. In doing so, we recognize there are considerations other than ability to pay that are relevant to the determination of whether the public service option will be ordered. Nevertheless, the existence of other factors influencing a court's discretion does not diminish a statutory requirement that a specific factor be considered. In addition, the method of payment may be equally relevant to a district court's decision in situations where a monetary fine imposes little or no burden on a defendant; in such a case, the court might determine the commitment of time to community service is a more appropriate penalty. Consequently, applying K.S.A. 21-4607(3) we hold that a district court must take into account the defendant's financial resources and the burden of the fine when considering the method of

7

payment of a fine for a fourth or subsequent DUI offense, *i.e.*, whether the defendant must pay a monetary fine or provide community service under K.S.A. 2009 Supp. 8-1567(j)." 290 Kan. at 222-23.

Notably, we did not declare Copes' original sentence illegal pursuant to K.S.A. 22-3504, and we did not use the term "resentencing" when discussing the remand. We ordered "[t]he district court's decision [] reversed and remanded for consideration of Copes' financial resources with respect . . . to the method of payment of her DUI fine." *Copes*, 290 Kan. at 223. Several panels of the Court of Appeals have since followed suit. See, *e.g.*, *State v. Adame*, 45 Kan. App. 2d 1124, 1130, 257 P.3d 1266 (2011) (In light of *Copes*, $2,500 DUI fine was "remanded and the court [was] directed to consider the alternative method of payment under K.S.A. 2008 Supp. 8-1567[j]."); *State v. Wells*, No. 105,204, 2012 WL 718929, at *2 (Kan. App. 2012) (unpublished opinion) (DUI fine vacated and matter remanded in light of *Copes*); *State v. Kent*, No. 105,118, 2012 WL 308536, at *1 (Kan. App. 2012) (unpublished opinion) ("[F]ine is vacated, and the case is remanded for the district court to make findings pursuant to *Copes* concerning the manner and method of paying the fine."); *State v. Shaw*, No. 102,206, 2011 WL 426105, at *3 (Kan. App. 2011) (unpublished opinion) ("The case is remanded for reconsideration of the fine in a manner consistent with *Copes*."); *State v. Suter*, No. 103,164, 2011 WL 2039739, at *14 (Kan. App. 2011) (unpublished opinion) ("[F]ine must be vacated and the case must be remanded for reconsideration of the method of payment of the fine in light of *Copes*."), *aff'd in part and rev'd in part on other grounds* 296 Kan. 137, 290 P.3d 620 (2012); *cf. State v. Taylor*, No. 104,091, 2011 WL 1878139, at *1 (Kan. App. 2011) (unpublished opinion) ("revers[ing] and vacat[ing] the $1,500 fine . . . and remand[ing] for *resentencing* with the district court to consider Taylor's financial resources" [emphasis added]); *State v. Torres*, No. 103,058, 2011 WL 867602, at *2 (Kan. App. 2011) (unpublished opinion) ("fine vacated, and case remanded for *resentencing* in accordance with *Copes*" [emphasis added]).

The case *Copes* built upon, *State v. McGlothlin*, 242 Kan. 437, 747 P.2d 1335 (1988), is even more instructive. There, we held that

"where the defendant is convicted of a felony or a misdemeanor and is sentenced to imprisonment . . . and a fine is to be imposed, the judge must make specific findings . . . before imposing a fine. The judge must also state on the record that he or she has taken into account the financial resources of the defendant and the nature of the burden that payment of the fine will impose." 242 Kan. at 441.

Following this holding, our mandate read: "[T]he fines imposed . . . are vacated and that portion of the judgment is reversed; otherwise, the judgment of the trial court, including the sentences imposed in this case, is affirmed." 242 Kan. at 441.

Considering these authorities, we conclude that a sentence is not rendered illegal simply because the district court judge fails to consider (or fails to state on the record that he or she has considered) the financial resources of the defendant when determining either the discretionary amount of a fine or the discretionary method of payment. Moreover, a remand from an appellate court to a district court pursuant to these authorities to correct this error is, in substance, not a remand for resentencing. As such, the *Tafoya I* panel was substantively correct when it limited its mandate to vacating the fine and instructing the district court to reconsider "the method of payment of the fine."

Having determined the substantive legal effect of the *Tafoya I* remand pursuant to *Copes* and *McGlothlin*, we are left to decide the impact on this case, if any, of the panel's contradictory statement that it was remanding Tafoya's case to the district court with his "sentence vacated" for "resentencing." We conclude that the substance of the Court of Appeals ruling controls over the form its ruling takes. "'"The law of this state is realistic. Substance prevails over form."'" *State v. Fewell*, 286 Kan. 370, 389, 184 P.3d 903 (2008)

9

(quoting *Murray v. Modoc State Bank*, 181 Kan. 642, 647, 313 P.2d 304 [1957]). Tafoya was never resentenced, and his claim to the benefit of the 2011 lookback period necessarily must fail.

Affirmed.