NOT DESIGNATED FOR PUBLICATION

No. 116,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE D. PATTERSON, JR.,
*Appellant*,

v.

KARI M. BRUFFETT, Secretary of the Kansas Department on Aging
and Disability Services,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed June 9, 2017.
Affirmed.

*Dale D. Patterson, Jr.*, appellant pro se.

*Jon S. Simpson*, assistant solicitor general, Office of Attorney General, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge,
assigned.

LEBEN, J.: Dale D. Patterson, Jr., was involuntarily committed to Larned State
Hospital as a sexually violent predator under the Kansas Sexually Violent Predator Act,
K.S.A. 59-29a01 *et seq*. He appeals from the district court's summary dismissal of his
habeas-corpus petition under K.S.A. 2016 Supp. 60-1501.

In his petition, he claimed that the State was violating his constitutional rights by
confining him without a valid commitment order. But the court's file demonstrates that

1

Patterson has been lawfully confined and that the commitment order is valid, so the district court did not err in summarily dismissing his petition. See *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Patterson also argues that the district court should have appointed an attorney to represent him. But because his petition was subject to summary dismissal, the district court was not required to appoint an attorney. See *Griffin v. Bruffett*, 53 Kan. App. 2d 589, 607, 389 P.3d 992 (2017).

FACTUAL AND PROCEDURAL BACKGROUND

Since much of this appeal hinges on timing and procedural issues, we'll start with a timeline and an explanation of some procedural rules.

In November 2011, the district court found beyond a reasonable doubt that Patterson was a sexually violent predator under the Kansas Sexually Violent Predator Act and involuntarily committed him to the Kansas Sexual Predator Treatment Program at Larned State Hospital. Patterson appealed to our court. *In re Care & Treatment of Patterson*, No. 107,232, 2013 WL 2395313, at *1 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1202 (2014).

On review, we concluded that the district court had failed to analyze all of the required elements before determining Patterson was a sexually violent predator because the district court had listed and analyzed only three of the four required elements in its decision. *Patterson*, 2013 WL 2395313, at *1, *4, *6. In considering possible remedies for the error, we rejected Patterson's request for a new trial and concluded that "the appropriate remedy is to remand for the district court to consider the fourth element in the test to determine whether Patterson is a sexually violent predator." 2013 WL 2395313, at *6. We affirmed the district court's judgment on all remaining issues. 2013 WL 2395313, at *1. Patterson filed a petition for review with the Kansas Supreme Court, which was denied in January 2014. 298 Kan. 1202.

2

Before the Kansas Supreme Court acted, the district court, unaware of Patterson's pending petition for review, issued a memorandum decision in July 2013 analyzing the fourth element in compliance with this court's remand order. But because Patterson's appeal actually was still pending, awaiting the Kansas Supreme Court's action on it, the district court had no jurisdiction to enter such an order; that made the order it entered void. See *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014) (noting that the district court loses jurisdiction to act once an appeal has been docketed in the appellate courts); *In re A.A.*, 51 Kan. App. 2d 794, 811, 354 P.3d 1205 (2015) (holding that orders entered by a court without jurisdiction are void). Once the mandate (the final order closing the appeal) was issued in January 2014, the district court had jurisdiction limited to following the express instructions contained in the mandate. See K.S.A. 60-2106(c); *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016).

In March 2015, Patterson filed the habeas petition now before us. He claimed that our decision had "reversed his commitment and ordered a trial be held on the fourth element" but he had not yet been given another trial or even contacted by any attorney or the district court about the matter. Accordingly, he argued, no lawful commitment order supported his confinement and he should be released. In a separate motion, Patterson asked the court to appoint an attorney to represent him.

In December 2015, after realizing its error in issuing the July 2013 decision, the district court issued another memorandum decision analyzing the fourth element, again concluding that the State had proved that element beyond a reasonable doubt and again finding that Patterson was a sexually violent predator. Patterson did not appeal or contest that ruling.

In August 2016, the district court finally considered Patterson's habeas petition. The court summarily dismissed the petition because Patterson had failed to show that he had been subject to shocking and intolerable conduct or continuing mistreatment of a

3

constitutional nature. The court said that Patterson had remained in lawful custody while his appeal had been pending and was being held under a valid commitment order. The district court also rejected Patterson's claim that he was entitled to a new trial, concluding that the remand order only required the district court to make findings on the fourth element. And the court concluded that Patterson was not entitled to have an attorney appointed because his petition was subject to summary dismissal.

Patterson then appealed to our court.

ANALYSIS

On appeal, Patterson raises two arguments: (1) that the district court erred in summarily dismissing his petition, and (2) that the district court should have appointed him an attorney.

A person involuntarily confined as a sexually violent predator may file a habeas-corpus petition under K.S.A. 60-1501 for a declaration that the confinement is wrongful. See *Johnson*, 289 Kan. at 648. To avoid summary dismissal, the petition must allege either (1) shocking or intolerable conduct or (2) continuing mistreatment of a constitutional nature. 289 Kan. at 648. Summary dismissal is proper if the petition does not make such allegations or if it can be established from incontrovertible facts, including those in court records, that no cause for granting relief exists. 289 Kan. at 648-49. On appeal from a summary dismissal, we review the matter without any required deference to the district court's decision because we have equal access to the petition and court files. 289 Kan. at 649; *Merryfield v. State*, 44 Kan. App. 2d 817, 820, 241 P.3d 573 (2010).

Patterson argues that the summary dismissal of his habeas petition was improper for two reasons: (1) his petition was timely and (2) there is no valid commitment order in place. The timeliness issue is not one we need to review—the district court concluded

4

that the petition was timely. Although Patterson's petition may technically have been filed too early (since it was filed before district court entered its final order in December 2015 in the original commitment proceedings), the district court found that it was timely under the circumstances of this case.

We turn then to Patterson's primary argument—that there is no valid commitment order to keep him confined. On appeal of the initial determination and commitment order, our court remanded the case to the district court to consider the fourth element (that the individual has serious difficulty controlling his or her dangerous behavior) in determining whether Patterson was a sexually violent predator. Contrary to Patterson's assertion in his habeas petition, we did not order a new trial on this fourth element.

In our opinion in the previous appeal, we specifically discussed the question of what we should order to correct the district court's failure to consider one of the elements that had to be met to commit Patterson involuntarily as a sexually violent predator. While we noted that Patterson wanted a new trial on this question, we simply sent the case back for the district court "to consider the fourth element" and to "supplement its findings" as to whether the State had met its burden as to that element:

> "The final question involves determining the appropriate remedy for the district court's failure to consider the required . . . factor. The State urges remand for additional finding; Patterson wants a new trial. . . . Generally, civil cases in which the district court misapplied the proper legal standard are remanded for consideration under the correct standard. [Citation omitted.] Therefore, we conclude that the appropriate remedy is to remand for the district court to consider the fourth element in the test to determine whether Patterson is a sexually violent predator. The district court can then supplement its findings as to whether the State has met its burden that Patterson is a sexually violent predator." *Patterson*, 2013 WL 2395313, at *6.

5

The district court complied with the remand order by considering the evidence presented at the original trial and analyzing whether the State had proved the fourth element beyond a reasonable doubt. The district court concluded the State had met its burden and reaffirmed its determination that Patterson is a sexually violent predator in a December 2015 order. Patterson did not contest or appeal that order.

Much of Patterson's argument in this appeal is based on a misunderstanding or misreading of our court's previous decision. We sent the case back to the district court because it did not appear that the district court had considered the fourth element and empowered the district court to supplement its findings. 2013 WL 2395313, at *6. Contrary to Patterson's argument in this appeal, however, we did not make a finding that the evidence was insufficient to support the State's claim.

In the earlier appeal, our court addressed Patterson's claim that there was insufficient evidence presented in the earlier trial to find he was a sexually violent predator. We reviewed the evidence for each element, including the fourth element— serious difficulty controlling one's dangerous behavior. 2013 WL 2395313, at *11-14. Our opinion explained that two of the State's witnesses had testified that they believed Patterson had serious difficulty controlling his dangerous behavior but that Patterson's expert disagreed, testifying that he did not believe that Patterson had a mental abnormality that made him prone to being dangerous to others. 2013 WL 2395313, at *13-14. We noted that in reviewing sufficiency of the evidence, an appellate court ordinarily views the evidence in the light most favorable to the State—simply making sure that the evidence is sufficient to support the trial result—and that we do not weigh the evidence or make credibility determinations. 2013 WL 2395313, at *14. Based on those standards of review, we concluded that sufficient evidence supported the finding. 2013 WL 2395313, at *14.

Even so, we recognized that the district court still had to consider whether the evidence proved the fourth element beyond a reasonable doubt. Our opinion specifically noted that the district court on remand would not view the evidence in the light most favorable to the State; instead, the district court would have to determine whether the State had proved the fourth element beyond a reasonable doubt. 2013 WL 2395313, at *14. Contrary to Patterson's assertion, we never concluded there was insufficient evidence or proof of the fourth element. We simply directed the district court to apply the correct standard in its review of the evidence.

Patterson also suggests that the district court violated his statutory or constitutional rights by not holding a new trial on the fourth element. Patterson was afforded a trial in November 2011 and had an opportunity to challenge the State's evidence. The district court's decision finding the State had proven the fourth element beyond a reasonable doubt was based on evidence presented at that trial. We did not order a new trial and Patterson was not entitled to one; the district court did not violate his rights by failing to hold one.

Patterson also argues that the district court should have granted his request to have an attorney. We certainly understand Patterson's argument that it is hard for a lay person with limited education to file appropriate legal paperwork, but he also recognizes that there is no general right to have an appointed attorney in a civil case. A person in Patterson's situation seeking habeas relief under K.S.A. 2016 Supp. 60-1501 only has a right to counsel after the district court has determined that the petition cannot be summarily denied. *Griffin*, 53 Kan. App. 2d at 606-07; *Merryfield*, 44 Kan. App. 2d at 826. The district court here denied Patterson's request for an appointed attorney after concluding that his petition should be summarily dismissed. Accordingly, the district court was not required to appoint counsel to represent Patterson. See *Griffin*, 53 Kan. App. 2d at 607.

In sum, the district court did not err in summarily dismissing Patterson's habeas petition because his petition failed to allege shocking and intolerable conduct or continuing mistreatment of a constitutional nature. Because Patterson's petition was subject to summary dismissal, he was not entitled to have an attorney appointed to represent him.

We affirm the district court's judgment.