NOT DESIGNATED FOR PUBLICATION

No. 119,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA DANIEL ARNOLD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed October 26, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Joshua Daniel Arnold appeals the district court's reinstatement of the legal portion of his original sentence. We granted Arnold's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), to which the State did not respond. After a review of the record, we affirm the district court.

In December 2014, Arnold pled no contest to one count of possession of marijuana with intent to sell or distribute, a severity level 3 drug felony. Based upon Arnold's criminal history score of I, on March 6, 2015, the district court sentenced him to the mitigated presumptive sentence of 46 months in prison. The district court also added a 6-month firearm sentence enhancement for a total sentence of 52 months. However, just 10

1

days later, on March 16, 2015, the district court filed its own motion to reconsider the sentence it imposed. At a hearing on the motion on April 17, 2015, and over the State's objection, the district court reconsidered and modified Arnold's sentence by granting him both a durational departure to 36 months in prison and a dispositional departure to probation for a period of 36 months. The firearm enhancement was also removed.

The State appealed the district court's sua sponte modification of Arnold's sentence, and another panel of this court affirmed the district court's removal of the firearm enchancement, holding that the firearm enhancement portion of the sentence was illegal because the district court had failed to make the required factual finding that Arnold carried a firearm during the commission of the drug crime. However, the panel vacated the remainder of the district court's sentence modifications, holding that the district court lacked the jurisdiction to modify the lawful portion of Arnold's sentence. *State v. Arnold*, No. 113,750, 2016 WL 1079487, at *4-5 (Kan. App. 2016) (unpublished opinion). On remand, the district court, over Arnold's objection, followed the panel's mandate and reinstated the lawful portion of Arnold's original sentence of 46 months in prison without probation.

Arnold now appeals, claiming the district court erred by reimposing the lawful part of his original sentence and by following this court's mandate. Whether the district court has complied with the mandate of an appellate court and determining the legality of a sentence are both questions of law subject to our unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018); see *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016).

A lawful sentence is effective upon pronouncement from the bench. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). Moreover, after a lawful sentence has been imposed, the sentencing court lacks the jurisdiction to modify it except to correct arithmetic or clerical errors. *State v. Guder*, 293 Kan. 763, Syl. ¶ 2, 267 P.3d 751 (2012).

However, the court may correct an illegal sentence at any time. K.S.A. 2017 Supp. 22-3504(1). Also, "on remand from a higher court, absent narrow exceptions, a district court's jurisdiction to resentence or otherwise deviate from an already pronounced sentence is limited to the express instructions contained in the higher court's mandate." *Tafoya*, 304 Kan. at 667.

In the present case, this court previously held that the district court's modification of Arnold's sentence was proper only as to the illegal portion of the sentence that contained the firearm enhancement. It also held that the district court lacked the jurisdiction to modify the legal portion of the sentence and ordered that portion of the sentence to be reinstated. The district court did so and properly followed the law and the mandate of this court. The district court did not err.

Affirmed.