NOT DESIGNATED FOR PUBLICATION

No. 119,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMIL A. HOPPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed April 26, 2019. Affirmed.

*Paul M. Dent*, of Kansas City, for appellant.

*Kayla Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Jamil A. Hopper appeals the district court's denial of his motion to correct an illegal sentence. Hopper alleges the sentencing court lacked jurisdiction over him and further claims the Kansas Department of Corrections (KDOC) could not lawfully regain custody of him after he completed his Colorado sentence. He also alleges the State violated his due process rights when it regained custody of him. We find the KDOC had authority to return Hopper to the state of Kansas to complete the lawfully imposed sentence in Kansas. Affirmed.

1

In 2010, the State charged Hopper with attempted premeditated murder in the first degree and aggravated robbery. Hopper was serving a sentence in Colorado for other charges when he received the detainer issued by authorities in Kansas. Hopper requested final disposition of his pending Kansas charges and made his first appearance in January 2011. The district court held a preliminary hearing in March 2011. Hopper requested mental health evaluations and the district court granted his request. Upon completion of the evaluation, the State amended Hopper's charges to aggravated burglary and Hopper pled no contest. Hopper was sentenced to a 136-month term of imprisonment to run concurrently with his Colorado convictions. Although it is unclear when Hopper returned to prison in Colorado, he completed his Colorado prison sentence. The Colorado Department of Corrections returned Hopper to the custody of the KDOC to serve the balance of his sentence in Kansas. Hopper filed a pro se motion to correct an illegal sentence, claiming the sentencing court lacked jurisdiction to permit his return to KDOC custody. The district court denied Hopper's motion.

ANALYSIS

*Hopper is not entitled to relief under a motion to correct illegal sentence.*

Hopper generally claims his sentence is illegal, but he only challenges his postsentencing return to KDOC custody, not his sentence. The district court summarily denied Hopper's motion to correct an illegal sentence, so this court applies a de novo standard of review. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016). Under K.S.A. 2018 Supp. 22-3504(3), a sentence is only illegal when: "(1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served." *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018).

Hopper raises no such claims. Instead, he alleges he "was not lawfully returned to Kansas and so there was no jurisdiction to imprison him in Kansas." A motion to correct an illegal sentence is not the proper procedural vehicle to challenge an inmate's incarceration. See K.S.A. 2018 Supp. 60-1501; *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994) (explaining an inmate may challenge his or her confinement through a 1501 petition). Additionally, the Kansas Supreme Court has explained a defendant's sentence is effective when pronounced from the bench. *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016). Hopper does not challenge the court's jurisdiction before or when the sentencing court pronounced his sentence. Instead, he argues he was unlawfully returned to KDOC custody after completing his Colorado sentence. Hopper has abandoned his jurisdictional argument. Once Hopper competed his Colorado sentence, KDOC had the authority to bring him to Kansas to serve the balance of his lawfully imposed sentence in Kansas. The district court did not err in denying Hopper's motion to correct an illegal sentence. We affirm.

Affirmed.