Stegall, J., concurring in part and dissenting in part:
I agree with the majority that the officer had reasonable grounds to request a breath test from Rosendahl. I also agree with our holding that the administrative hearing fee set forth in K.S.A. 2015 Supp. 8-1020(d)(2) is unconstitutional. See Creecy v. Kansas Dept. of Revenue , 310 Kan. ----, --- P.3d ----, 2019 WL 3977508 (2019) (No. 117,035, this day decided) (Stegall, J., concurring in the result). I disagree, however, with the result. I would reverse the Court of Appeals and affirm the district court as being right for the wrong reason.
The basic problem with the majority's holding is that while the officer did have reasonable grounds to request the test, the inquiry under K.S.A. 2015 Supp. 8-1020(h)(2) should not stop there. Critical facts surfaced at the administrative hearing that were unavailable to the officer when he reasonably requested the breath test. Importantly, the fact that Rosendahl consumed a significant amount of alcohol after driving is now undisputed. This, together with the lack of any evidence of intoxication while driving, means there is no probable cause to believe that Rosendahl was driving under the influence. Instead, the totality of the evidence suggests that Rosendahl failed the breath test because she consumed alcohol after the accident.
In my view, reading K.S.A. 2015 Supp. 8-1020(h)(2) as a whole requires the Department of Revenue to prove that the driver was operating or attempting to operate a vehicle while impaired. Whether "the person was operating or attempting to operate a vehicle" is a fact to consider within "the scope of the hearing." K.S.A. 2015 Supp. 8-1020(h)(2)(H). For subsection (h)(2)(H) to have relevance during an administrative license suspension hearing, it must mean whether the person was operating or attempting to operate a vehicle while impaired . Otherwise, subsection (h)(2)(H) has no meaning. The only alternative meaning-that the person was operating or attempting to operate a vehicle at some time before becoming impaired-is absurd. But we must interpret statutes to avoid absurd results. Northern Natural Gas Co. v. ONEOK Field Services Co. , 296 Kan. 906, 918, 296 P.3d 1106 (2013) ("[W]e must construe statutes to avoid unreasonable or absurd results, and we presume the legislature does not intend to enact useless or meaningless legislation.").
In fact, the outcome today is just such an absurd result. Rosendahl's license is being suspended even though the undisputed facts make it clear she was not driving under the influence. By effectively reading K.S.A. 2015 Supp. 8-1020(h)(2)(H) out of the statute, we have approved a license suspension solely because the officer had reasonable grounds to request a breath test at the scene of the accident-even though everyone now knows that Rosendahl failed the test because she consumed alcohol after the accident. The Legislature did not intend this result. A conclusion supported by a plain reading of K.S.A. 2015 Supp. 8-1020(h)(2), aided by a reasonable interpretation of the statute as a whole so as to avoid an absurd result.
*355 The majority is at great pains to justify ignoring the substance of the case on preservation grounds. My colleagues object that I have reached out to grab an issue "not presented to or decided by the district court," which also "has not been argued, briefed, raised, or even considered by any party" on appeal. Op. at 351-352. But in my view, this puts form over substance in a way courts should avoid. See State v. Tafoya , 304 Kan. 663, 670, 372 P.3d 1247 (2016) (" 'The law of this state is realistic. Substance prevails over form.' "). Rosendahl's argument has always been that she was not driving while intoxicated, and all the evidence in the record supports her contention. So we should not ignore this central fact of the case because Rosendahl's attorney framed the argument in terms of reasonable suspicion rather than as a failure of proof under K.S.A. 2015 Supp. 8-1020(h)(2)(H). The issue was raised, albeit under a different theory of relief. Finally, the majority insists that it has merely reached the common-sense conclusion that "a person can drink alcohol to the point of impairment both before and after operating a vehicle." Op. at 351. Well, yes. So what? That case is not this case. Here, there is no evidence Rosendahl was impaired before driving.
For this reason, I would affirm the district court's reversal of the agency's decision to suspend Rosendahl's license.
Rosen and Johnson, JJ., join in the foregoing concurring and dissenting opinion.