NOT DESIGNATED FOR PUBLICATION

No. 122,248

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAYLA M. WEST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed August 14, 2020. Sentence vacated and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: In a prior appeal, this court vacated Kayla M. West's 36-month prison sentence and remanded for resentencing. *State v. West*, No. 119,634, 2019 WL 3756201 (Kan. App. 2019) (unpublished opinion). On remand, a different judge imposed a 44-month prison sentence that West now appeals. She argues that by imposing a harsher sentence, the district court exceeded the limited mandate issued by this court from the prior appeal and violated her due process rights. We find merit to West's claim that the district court exceeded its mandate by resentencing West and therefore find moot West's claim that the district court erred by imposing a vindictive sentence.

1

*The charges and plea agreement*

West pled guilty to attempted aggravated indecent liberties with a child, indecent solicitation of a child, and contributing to a child's misconduct. Those charges related to a sexual relationship West had with a 15-year-old. The plea agreement anticipated a criminal history score of H, putting West in a border box on the sentencing grid for her most serious offense. See K.S.A. 2019 Supp. 21-6804. The parties recommended a nonprison sanction in the low number on the applicable gridbox and that the sentences run concurrently. But if West committed a new crime or violated her bond conditions, the State could recommend any sentence it deemed appropriate. Before sentencing, the district court revoked bond after West was arrested on drug charges. So the State was no longer bound by its recommendation in the plea agreement.

*Sentencing*

Although the plea agreement anticipated a criminal history score of H, the presentence report revealed that her true score was F. When combined with her highest-severity level offense, that put her in a presumptive prison grid box of 41-44-47 months. See K.S.A. 2019 Supp. 21-6804.

West moved for a downward dispositional departure to probation. The motion listed several factors supporting the departure sentence: West had taken responsibility for her crimes; she had no prior person felonies; rehabilitative programs would more effectively reduce her risk of recidivism than prison; a methamphetamine addiction contributed to her bond violation; and the harm here was less than typical because the relationship with the victim was consensual, she did not know the victim was underage, and the victim had abused her.

At the sentencing hearing, West's attorney argued that the departure motion listed substantial and compelling reasons to impose probation rather than a prison term. The prosecutor disputed these reasons. For example, the prosecutor said that if the case had gone to trial, the State would have presented testimony from the victim's mother that West knew the victim was 15 years old. The prosecutor acknowledged, however, that the victim had been charged in juvenile court with battery against West.

According to the transcript from the sentencing hearing, the prosecutor recommended a 34-month prison sentence for West's most serious offense (attempted aggravated indecent liberties with a child). But when Judge Benjamin Burgess announced West's sentence, he erroneously said the State had recommended a 44-month prison term.

Judge Burgess denied West's request for probation but granted a durational departure instead. Judge Burgess imposed a 36-month prison sentence, "which [was] somewhat less than what was recommended." The substantial and compelling reasons that justified the departure were West taking responsibility for her crimes, having no prior person felonies, and causing less harm than was typical for her crimes. Judge Burgess ran West's lesser prison sentences concurrent with her 36-month sentence and imposed lifetime postrelease supervision.

*The first appeal*

West appealed her sentence. She argued that the district court abused its discretion because the 36-month prison sentence stemmed from a factual error—the district court thought that the State had requested a 44-month sentence, but the prosecutor had recommended a 34-month sentence. She said that Judge Burgess might have imposed an even lower sentence had he known that the State was recommending a sentence that was 10 months shorter than he thought it was. The State acknowledged that Judge Burgess

3

had misstated the prosecutor's recommendation but argued this misstatement did not affect the sentence. 2019 WL 3756201, at *2.

In its opinion, a panel of this court found it undisputed that Judge Burgess "erroneously referenced the State's 44-month recommendation." 2019 WL 3756201, at *3. But because it was unclear whether this "error of fact relating to the State's sentencing recommendation was determinative in the district court's decision to impose a 36-month prison sentence," the panel vacated West's sentence and remanded for resentencing. 2019 WL 3756201, at *3. The mandate ordered that "the sentence be vacated and the case remanded with directions."

*Resentencing*

On remand, the district court held a resentencing hearing with a new judge, Judge Eric Williams. When asked for the State's recommended sentence, the same prosecutor from the original sentencing hearing said that the State had recommended a 44-month prison term all along:

> "I have spoken to our appellate division and the attorney that handled the appeal . . . and quite frankly, Judge, it's my belief that the transcript is wrong. It is, from what I understand, quite a cumbersome procedure to attempt to get that changed at this juncture.
>
> "I did not recommend 34 months. Particularly, when the plea agreement contemplated . . . a recommendation of 41 months, and then the defendant . . . violated her bond. There is no universe in which I would recommend a lower sentence after a defendant has violated a plea agreement.
>
> "I recommended, according to the notes in my file, 44 months. So I understand what the transcript says. I understand what the opinion says. I understand where we're at. I'm just letting Your Honor know this, because it's been some time ago, and Judge Burgess was the original sentencing Judge."

4

Based on West's drug arrest and plea agreement violation, the prosecutor asked the new judge to impose a 44-month prison term.

The attorney representing West at the hearing on remand was not the same attorney who represented her at the first sentencing hearing, so he could not say whether the transcript was wrong. He could only speak to the language in the *West* opinion, which reflected that the State had requested 34 months. Citing the factors in the departure motion filed before the first hearing, he urged the district court to order probation or less prison time.

West made a statement after her attorney's remarks. Since entering prison, she said that she had participated in every program that she could. That included a six-month substance abuse program that reduced her sentence by four months, a program to train dogs for disabled persons, anger management, directional behavior therapy, and two semesters of a seminary program. West also said that she had a job lined up for after her release.

Judge Williams began his findings by discussing the appellate mandate and the confusion about the State's prior recommendation. With regard to the mandate, however, he concluded that he could impose any sentence that he deemed appropriate under the circumstances. "[W]hatever the original recommendation was," he explained, "today is a new day." When he asked the parties if they agreed with his assessment, they said yes.

Judge Williams denied West's departure motion and imposed a 44-month prison sentence for the primary crime to run concurrent with her shorter prison terms. He based his decision on the case file, the departure motion, the presentence report, and the plea agreement. Given the "nature and circumstances of the crime, the history, character, and condition of the defendant," he concluded that a 44-month prison term best served West's needs, public safety, and the seriousness of her crime.

A few days after the resentencing hearing, West's attorney moved for reconsideration of the new sentence. On the transcript error issue, West's remand attorney acknowledged in the motion that the 34-month figure in the transcript conflicted with "notes taken by original defense counsel." So West's remand attorney now agreed that the transcript from the first sentencing hearing likely contained an error. In the motion for reconsideration, West's remand attorney also argued that Judge Williams exceeded the appellate mandate, which presumed that Judge Burgess had misstated the State's recommendation. There is no record of the State responding to West's motion for reconsideration or the district court ruling on it.

A week later, West timely appealed the sentence Judge Williams imposed on remand. This court granted West's motion to expedite her appeal.

ANALYSIS

West raises two issues with her new sentence. First, she argues that Judge Williams exceeded the scope of the limited mandate issued by this court in *West*. In her view, the mandate directed the district court to consider what effect Judge Burgess' factual error had on the sentence he imposed. Once the district court discovered that no error occurred (because the transcript was wrong), West asserts the court should have reimposed her original, 36-month prison sentence. Second, she contends that Judge Williams' imposed a vindictive sentence in violation of her rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

West first argues that Judge Williams violated the mandate rule. Whether the district court has complied with an appellate court's mandate is a legal question subject to unlimited review. *State v. Soto*, 310 Kan. 242, 256, 445 P.3d 1161 (2019).

6

On remand from an appellate court, the district court's authority is limited by statute. The district court must execute the appellate court's judgment "according to the command of the appellate court made therein." K.S.A. 20-108. The judgment includes the mandate, which "shall be controlling in the conduct of any further proceedings necessary in the district court." K.S.A. 60-2106(c). Together, these statutes reflect the mandate rule: the district court must follow "both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *State v. Collier*, 263 Kan. 629, Syl. ¶ 4, 952 P.2d 1326 (1998). The mandate must be interpreted consistent with the substance of the appellate court's opinion. *State v. Tafoya*, 304 Kan. 663, 669-70, 372 P.3d 1247 (2016).

West argues that Judge Williams violated the mandate rule by resentencing her anew on remand. She says that the mandate directed the district court to consider the narrow question of what effect Judge Burgess' factual error had on the sentence he imposed. So when Judge Williams learned that there was no mistake because of the transcript error, he should have affirmed the original sentence of 36 months' imprisonment.

The State reads the mandate more broadly. It argues the mandate vacated West's sentence and remanded for a new sentencing proceeding. The State maintains there was no language in the *West* opinion limiting Judge Williams' discretion on remand so the judge was free to impose any sentence he deemed appropriate without exceeding the scope of the mandate. We disagree.

We begin our analysis with the court's decision in *West*, which it summarized in its concluding paragraph:

> "West faced a presumptive prison sentence of 41-44-47 months in the applicable sentencing guidelines grid box. In discussing the '8-month departure,' however, the

7

district court did not mention West's presumptive sentence or otherwise indicate that it was departing from the sentencing guidelines. Instead, the court erroneously referenced the State's 44-month recommendation and then stated that it would impose a 36-month prison sentence, an 8-month departure that was 'somewhat less than what was recommended.' The district court later stated that it was granting West's departure motion 'for the reasons stated in that motion.' Under these circumstances, we are unable to discern whether the error of fact relating to the State's sentencing recommendation was determinative in the district court's decision to impose a 36-month prison sentence. *As a result*, we must vacate West's sentence and remand the matter to the district court for resentencing.

"West's sentence is vacated and the case is remanded *with directions*." (Emphases added.) 2019 WL 3756201, at *3.

While acknowledging that Judge Burgess described the 36-month sentence he imposed as an 8-month departure, the *West* court concluded it was "unable to discern" from the record on appeal whether Judge Burgess intended to depart from (1) the presumptive sentence or (2) the State's recommendation. If he intended to depart down from the presumptive sentence (the 44-month mid-box number), then misstating the prosecutor's recommendation was harmless because he still imposed the sentence he intended. But if he instead intended to depart from the State's recommendation, which everyone at the time thought was really 34 months and not 44 months, then his factual mistake had an impact on the sentence he imposed. See 2019 WL 3756201, at *3.

Under this careful reading of the opinion, Judge Burgess had two options on remand. If he had intended to depart from the guidelines, he could reimpose the 36-month sentence. But if he had instead intended to depart from the State's recommendation, he could impose a lesser sentence based on newfound awareness of the State's true recommendation (34 months). Both options, however, contemplated the same or a less severe sentence.

Of course, intervening events complicated the district court's task on remand. Judge Burgess could not clarify the sentence he intended to impose because the case was assigned to a new judge. And at the resentencing hearing, the prosecutor alleged that the transcript from the first sentencing hearing was mistaken and that the State had recommended 44 months all along.

Under these unique facts, we find Judge Williams' decision to impose a 44-month prison sentence exceeded the scope of the mandate. This court based its opinion on the notion that Judge Burgess erroneously understood the State's recommendation as 44 months when it was really 34 months. The *West* panel reasonably accepted that notion because the transcript had the prosecutor saying 34 months and the State's position on appeal was that it had recommended 34 months. Had the State realized the transcript error during the prior appeal and argued that its recommendation had been 44 months, then this court likely would have affirmed the original sentence because it likely would not have been found to be based on factual error. Because the transcript issue did not arise until the resentencing hearing, the State got a second chance to request a higher sentence.

In the end, the substance of this court's opinion in *West*, and the scope and spirit of the mandate issued by the court at the end of its opinion, contemplated the same or a lesser sentence being imposed on remand. So when Judge Williams imposed a higher sentence, he exceeded the scope of the mandate. West's 44-month sentence is vacated and her case remanded for resentencing with directions to impose no more than 36-months' imprisonment. Because we have vacated the sentence imposed by Judge Williams, West's claim that Judge Williams imposed a vindictive sentence is rendered moot.

Sentence vacated and case remanded for resentencing with directions.

9