NOT DESIGNATED FOR PUBLICATION

No. 124,805

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC W. HARBACEK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed December 16, 2022. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Eric Wade Harbacek contends the district court erred in imposing an illegal sentence when the court (1) failed to determine that upon completion of his sentence for a felony driving under the influence conviction he was entitled to be fully discharged from his sentences for earlier felony convictions and, instead, (2) ordered him to be returned to the custody of the Kansas Department of Corrections. We find no error in the district court's ruling. The district court did not impose an illegal sentence. Accordingly, we affirm.

1

In 1991, Harbacek was convicted of aggravated burglary and battery in case No. 90CR251. He was sentenced to an indeterminant term of 5 to 20 years in prison.

In a separate case in 1991, No. 91CR268, Harbacek pled guilty to aggravated burglary, aggravated assault, and aggravated assault of a law enforcement officer. The court ultimately imposed concurrent prison sentences for a controlling indeterminant term of 13 to 50 years, to be served consecutive to his sentence in 90CR251.

Harbacek moved to convert his 1991 indeterminant sentences to a new sentence under the Kansas Sentencing Guidelines Act. In January 1995, the district court denied Harbacek's motion and found he was not subject to the retroactive provisions of the Sentencing Guidelines Act. No appeal was taken from this decision. In October 2006, Harbacek again moved for sentence conversion. The district court ultimately determined that it had no jurisdiction to grant relief, and this court affirmed on appeal. *State v. Harbacek*, No. 98,633, 2008 WL 3916009 (Kan. App. 2008) (unpublished opinion).

According to Harbacek, his conditional release date on these sentences was in 2012 and his maximum sentence date is March 8, 2031.

On September 19, 2009, while he was on parole from his sentences in his prior cases, Harbacek was arrested for felony driving under the influence (DUI). He was charged three days later and convicted in May 2013 on this charge and sentenced to six months in the Reno County Jail, to be served consecutive to his sentences in his prior cases. At the sentencing hearing the court imposed a 12-month period of postrelease supervision, though the journal entry indicates that no postrelease supervision was imposed. The district court's sentence pronouncement from the bench controls over the written journal entry. *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016).

In 2013, as a result of this new conviction, and before serving his DUI sentence, Harbacek's parole was revoked, he was returned to prison to continue serving his indeterminate sentences. Reno County issued a detainer for Harbacek on his 2009 DUI case when he was returned to prison.

About two and a half years later, in August 2015, the Prisoner Review Board again paroled Harbacek. His parole plan required him to serve his six-month jail sentence in Reno County. After serving his Reno County jail sentence, Harbacek completed the court-ordered 12-month period of postrelease supervision. He then was returned to Department of Corrections custody for his 1991 convictions.

In July 2021, Harbacek filed his current motion to correct illegal sentence. He asserts that in returning him to the custody of the Department of Corrections to serve his "'old indeterminate sentence'" after having already completed his DUI sentence violated K.S.A. 22-3717(f) because under this provision "[o]nce the period of postrelease was completed [on his DUI sentence], Mr. Harbacek's sentence was satisfied. He is currently incarcerated on the 'old law' sentence which ceases to exist." When Harbacek's motion was unsuccessful, this appeal followed.

A sentence is illegal if: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. A sentence is not illegal because of a change in the law that occurs after the sentence is pronounced. K.S.A. 2021 Supp. 22-3504(c)(1).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Claiborne*, 315 Kan. 399, 400, 508 P.3d 1286 (2022). Moreover, when, as here, the district court summarily denies a motion

to correct an illegal sentence, the standard of review is de novo. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

On appeal, Harbacek's relies on K.S.A. 2021 Supp. 22-3717(f), which provides:

"If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on probation, parole, conditional release or in a community corrections program, for a crime committed prior to July 1, 1993, and the person is not eligible for retroactive application of the sentencing guidelines . . ., the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled or reaches the conditional release date on the old sentence. If the offender was past the offender's conditional release date at the time the new offense was committed, the new sentence shall not be aggregated with the old sentence but shall begin when the person is ordered released by the prisoner review board or reaches the maximum sentence expiration date on the old sentence, whichever is earlier. The new sentence shall then be served as otherwise provided by law. The period of postrelease supervision shall be based on the new sentence, except that those offenders whose old sentence is a term of imprisonment for life . . . or an indeterminate sentence with a maximum term of life imprisonment, for which there is no conditional release or maximum sentence expiration date, shall remain on postrelease supervision for life or until discharged from supervision by the prisoner review board."

Harbacek argues that his DUI sentence was to be served consecutive to his pre-guidelines 1991 sentences. He completed his jail sentence for his DUI conviction in November 2015 and thereafter completed his 12-month term of postrelease supervision. He contends that under K.S.A. 22-3707(f), upon completion of his 12-month term of postrelease supervision for his DUI conviction, he should have been fully released from any obligation under his 1991 sentences. This is because under K.S.A. 2021 Supp. 21-6606(c) "he could not have served his DUI jail sentence until he was done with his old law indeterminate sentences." Instead, he contends he was improperly returned to prison to continue serving his pre-guidelines indeterminant sentences.

4

On appeal, he confusingly seems to refer to his return to prison as "post release imposed upon him upon release from the DUI sentence [which] should be . . . based upon the DUI conviction and not his two old law sentences." He argues that based on K.S.A. 22-3717(f), his postrelease supervision must be based on the DUI conviction and not his old sentences because he did not receive life sentences in 90CR251 and 91CR268.

The effect of K.S.A. 22-3717(f) was analyzed in *Turner v. Kansas Dept. of Corrections*, No. 102,954, 2010 WL 3063172 (Kan. App. 2010) (unpublished opinion). There, Turner was conditionally released from his pre-guidelines Kansas indeterminate sentence in 2003. The following year he was convicted of drug charges in Missouri. After being released from custody in Missouri he committed a new crime in Missouri, causing the Kansas Parole Board to revoke Turner's parole and return him to prison on his original indeterminate sentence. Turner argued that under K.S.A. 22-3717(f) his old, pre-guidelines sentence had to have been satisfied before he was released to serve his new sentence. To the contrary, the panel of this court determined that

> "the current provision does not convert or otherwise modify the old indeterminate sentences of inmates who commit a new crime after July 1, 1993, while on probation, parole, or conditional release. . . .
>
> ". . . [T]he current provision determines *only the start of the new sentence*, leaving the term of the old indeterminate sentence untouched and unaffected. . . . The current provision delays the running of a new sentence while an inmate is incarcerated on an old indeterminate sentence. Upon parole or conditional release, or upon reaching the maximum sentence expiration date for the old indeterminate sentence, the new sentence begins. K.S.A. 22-3717(f).
>
> . . . .
>
> ". . . Turner's old indeterminate sentence is still in place. . . .

5

"Turner, therefore, remained subject to the KPB and KDOC under the old indeterminate sentence. . . .

"The current provision of K.S.A. 22-3717(f) does clarify that the 'period of postrelease supervision' is 'based on the new sentence,' but parole and conditional release are distinct from postrelease supervision. . . . Turner was not eligible for postrelease supervision, which applies only to crimes committed in this state on or after July 1, 1993. . . .

". . . Unlike postrelease supervision, where an inmate 'has already completed the prison portion of the sentence before being released,' an inmate on parole (and conditional release) 'is subject to serving out the remainder of his or her prison sentence upon violation and subsequent revocation of parole status.' . . . That is what happened here. [Citations omitted.]" 2010 WL 3063172, at *5-6.

See *Frost v. Norwood*, No. 119,975, 2019 WL 1499156, at *4 (Kan. App. 2010) (unpublished opinion).

Harbacek raised essentially the same argument addressed in *Turner* and in *Frost* in one of Harbacek's earlier appeals. *Harbacek v. Cline*, No. 121,521, 2020 WL 961890 (Kan. App. 2020) (unpublished opinion). There, he relied on K.S.A. 2018 Supp. 22-3717(f) to argue that the district court lacked authority to order him to serve his DUI sentence. Harbacek argued that under K.S.A. 2018 Supp. 22-3717(f), his indeterminate sentences were completed when the KDOC paroled him in 2015 with the condition that he serve his DUI jail sentence. The panel disagreed, explaining that the statute simply provides a procedure for calculating a post-1993 sentence when it follows a pre-1993 indeterminate sentence, and did not alter, modify, or extinguish Harbacek's pre-1993 indeterminate sentences. 2020 WL 961890, at *2-3.

6

Finally, Harbacek focuses on the last part of K.S.A. 2021 Supp. 22-3717(f):

"The period of postrelease supervision shall be based on the new sentence, except that those offenders whose old sentence is a term of imprisonment for life, imposed pursuant to K.S.A. 21-4628, prior to its repeal, or an indeterminate sentence with a maximum term of life imprisonment, for which there is no conditional release or maximum sentence expiration date, shall remain on postrelease supervision for life or until discharged from supervision by the prisoner review board."

Harbacek contends: "Once he was released from jail on November 8, 2015, the prison [KDOC] continued to impose upon Harbacek the lifetime post-release ordered in the two old cases." As authority for this he cites his own statement in his pro se motion to correct illegal sentence. But he fails to provide any citation to the record to establish that, in fact, the KDOC imposed any period of postrelease supervision to follow the completion of his prison sentence for his 1991 convictions. Accordingly, we ignore this contention for which there is no support in the record aside from Harbacek's own statement. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see Supreme Court Rule 6.02(a)(4) (2021 Kan. S. Ct. R. at 36). In fact, postrelease supervision was never imposed in 90CR251 or in 91CR268. Moreover, postrelease supervision was not even in effect at the time and applies only to crimes committed on or after July 1, 1993. See K.S.A. 2021 Supp. 21-6802(c); K.S.A. 2021 Supp. 22-3717(a) and(d)(1); K.S.A. 2021 Supp. 22-3718. He was twice denied a sentence conversion which would have placed him under the sentencing guidelines and which would have provided for a period of postrelease supervision.

There is no merit to Harbacek's claim that postrelease supervision was improperly ordered to be served following completion of the indeterminate prison sentences for his 1991 convictions.

Affirmed.

7