No. 105,535

State of Kansas, *Appellee*, v. Lawrence Mason, Jr., *Appellant*.

(279 P.3d 707)

Opinion filed July 6, 2012.

*Joanna Labastida*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

Rosen, J.: Lawrence Mason, Jr., pleaded guilty to one count of rape of a child less than 14 years old and one count of aggravated criminal sodomy of a child less than 14 years old. He was sentenced to life imprisonment without possibility of parole for 592 months based on his criminal history score. He appeals his sentence.

## Factual Background

On October 2, 2009, Mason pleaded guilty to one count of rape of a child less than 14 years old and one count of aggravated criminal sodomy of a child less than 14 years old. The victim was his adopted daughter, who was 12 years old at the time of the offense. Mason filed a motion for departure.

At sentencing, the district court heard statements from several of Mason's family members and family friends, expressing their support for Mason, their respect for his good character, and their continued belief that he was innocent. Mason made a statement,

and his attorney presented argument in favor of departure from life sentences with lengthy mandatory minimums under Jessica's Law. The State presented testimony from the victim's therapist, who said the victim had been in a residential mental health facility for over a year and was making little to no progress as a result of trauma from the sexual abuse.

The district court found that Mason failed to demonstrate any substantial and compelling reasons for a departure. Mason was sentenced to life imprisonment, without eligibility for parole for 592 months, for rape of a child under the age of 14. Mason was also given a concurrent life sentence, without parole eligibility for 25 years, for aggravated criminal sodomy of a child under 14 years of age. The district court informed Mason that he would be required to register as a sex offender for his lifetime following his release. In addition to the sentence imposed from the bench, the journal entry of sentencing included that Mason is subject to lifetime postrelease supervision and lifetime electronic monitoring.

## LIFETIME POSTRELEASE SUPERVISION AND LIFETIME ELECTRONIC MONITORING

Mason argues that his convictions carried conflicting penalties— lifetime postrelease supervision without electronic monitoring under K.S.A. 22-3717(d)(1)(G) and lifetime parole with electronic monitoring under K.S.A. 22-3717(u). As his first issue, Mason argues he should have been sentenced to lifetime parole rather than lifetime postrelease supervision. In the alternative, Mason argues that if lifetime postrelease supervision was appropriate, electronic monitoring was in error. The State responds that Mason was properly sentenced by the court at the sentencing hearing, but the journal entry is erroneous and should be corrected with a nunc pro tunc order.

### Standard of Review

Statutory interpretation raises a question of law over which this court has unlimited review. *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011).

*Analysis*

Mason was sentenced to life imprisonment without possibility of parole for 592 months, based on his criminal history score, under K.S.A. 21-4643(a)(2)(B). His parole supervision following his release from prison is governed by K.S.A. 22-3717(u), which is a specific exception to K.S.A. 22-3717(d)(1)(G). There is no conflict between these provisions because K.S.A. 22-3717(d)(1)(G) begins with the phrase "[e]xcept as provided in subsection (u)."

This court recently stated that "a sentencing court has no authority to order a term of [lifetime] postrelease supervision in conjunction with an off-grid indeterminate life sentence." *State v. Cash*, 293 Kan. 326, Syl. ¶ 2, 263 P.3d 786 (2011). Although lifetime electronic monitoring is mandated by K.S.A. 22-3717(u), the sentencing court does not have the authority to impose parole conditions. *Jolly*, 291 Kan. at 848. The sentence reflected in the journal entry is erroneous; however, there is no similar problem with the sentence pronounced from the bench.

"A criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry. A journal entry that imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed." *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). The journal entry of sentencing can be corrected by a nunc pro tunc order so that it reflects the actual sentence pronounced from the bench, which was a legal sentence. See K.S.A. 22-3504(2). We affirm the sentence imposed from the bench and remand this case to the district court with directions to issue a nunc pro tunc order correcting that portion of the journal entry that included lifetime postrelease supervision and lifetime electronic monitoring.

## Departure

Mason filed a motion for departure from the mandatory sentencing provisions provided in K.S.A. 21-4643, Jessica's Law. Mason argues that the district court erred in denying his motion for departure, providing the following mitigating factors: (1) the length of time since his previous convictions, (2) his work history, (3) his

family support, (4) the fact that he had taken responsibility for his actions, and (5) the fact that he would be subject to registration and supervision for the rest of his life. The State argues that Mason's prior conviction for a sex offense and the serious emotional trauma inflicted on the victim supported the district court's decision to deny the departure.

*Standard of Review*

"Our standard of review on the denial of a sentencing departure is abuse of discretion." *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009).

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. [Citation omitted.]" *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

*Analysis*

The district judge did not engage in a lengthy consideration of the mitigating and aggravating factors presented at sentencing, saying only:

"I have considered carefully your request for a departure, and I am in agreement with the State's position that you have not demonstrated any substantial and compelling reason for a departure in these circumstances. The crime committed is one of the most serious crimes under Kansas law, and you have admitted your responsibility for the crime, which has caused a serious amount and great damage to the victim. For those reasons, I find that you have not established a substantial and compelling reason for a departure."

Mason does not articulate the manner in which the district court allegedly abused its discretion. Despite the district court's short, on-the-record explanation of the departure denial, the district court had sufficient evidence to consider the factors with bearing on it. Mason had a prior conviction for attempted indecent liberties with a child from 1973. Mason admitted committing these acts. DNA testing done by the KBI linked Mason to the victim's vaginal swab and rectal swab. Independent testing done on Mason's behalf

confirmed the rectal swab. While Mason had significant family support, none of these family members believed Mason was capable of committing the acts he pleaded guilty to committing. The family had been unwilling to participate in family counseling with the victim.

The victim was initially placed in a residential mental health facility for 90 days. The victim's therapist reported that the victim had been in the facility for over a year, but the victim had failed to make progress or show any stability. The therapist reported that even though the victim had other traumatic instances in her life, the sexual abuse was a significant factor in her current situation. The therapist reported that the victim had flashbacks of the sexual abuse that caused her to become violent and aggressive. The victim was unable to attend the hearing because her therapist believed she was not yet stable enough to appear in court.

Based on the evidence presented, Mason has not met his burden that the denial of the departure from the Jessica's Law sentence was not an abuse of discretion in this case.

Sentence affirmed. Because the journal entry erroneously included lifetime postrelease supervision and lifetime electronic monitoring, we remand this case with directions to the district court to issue a nunc pro tunc order to correct that portion of the sentence in the journal entry.