NOT DESIGNATED FOR PUBLICATION

No. 113,422

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GILBERT ALVARADO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed February 12, 2016. Affirmed and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON, J., and WALKER, S.J.

*Per Curiam*:  Gilbert Alvarado appeals the district court's sentences on his 2014 convictions for aggravated criminal sodomy of a child under 14 years old. We granted his motion for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). On appeal, he contends that the district court "erred in sentencing [him] to a presumptive grid-based sentence." The State filed no response.

Alvarado was charged with one count of aggravated indecent liberties with a child under 14 years old (or, alternatively, aggravated criminal sodomy of a child under 14 years old) and four additional counts of aggravated criminal sodomy of a child under 14

1

years old, all off-grid person felonies. As part of a plea agreement, Alvarado pled no contest to two counts of aggravated criminal sodomy, severity level 1 person felonies.

At sentencing, the district court found Alvarado's criminal history score to be an I—the lowest score. As arranged in the plea agreement, the State recommended the lowest grid-based sentence for each count of aggravated criminal sodomy, with the counts to run consecutively. The district court accepted the State's recommendation and sentenced Alvarado to two consecutive terms of 147 months in prison for each count, reflecting the lowest sentence in the grid box for a severity level 1 person felony with a criminal history of I. See K.S.A. 2015 Supp. 21-6804. Because Alvarado's sentence falls within the presumptive grid-based sentence for the crime, we have no authority to review it. K.S.A. 2015 Supp. 21-6820(c)(1); see *State v. Huerta*, 291 Kan. 831, 835-37, 247 P.3d 1043 (2011) (analyzing earlier, similar version of statute; no appeal from presumptive sentence); *State v. Knighten*, 51 Kan. App. 2d 417, 435, 347 P.3d 1200, *rev. denied* 302 Kan. __ (August 20, 2015).

In his motion, Alvarado stated that he "entered a no contest plea to two counts of aggravated criminal sodomy, both off-grid person felonies." But in actuality, he pled no contest to two counts of aggravated criminal sodomy, severity level 1 person felonies. The confusion appears to have arisen from errors in the journal entry of sentencing, which lists both convictions as off-grid person felonies rather than severity level 1 person felonies. A journal entry that imposes a sentence other than the one pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012); *State v. Kimberlin*, 52 Kan. App. 2d 15, Syl. ¶ 7, 362 P.3d 19 (2015).

Therefore, we affirm the district court's sentence but remand with directions to file a nunc pro tunc journal entry to reflect that Alvarado was convicted of two counts of aggravated criminal sodomy, severity level 1 person felonies.