NOT DESIGNATED FOR PUBLICATION

No. 117,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BONDERRICK E. SANDERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 22, 2017. Affirmed in part, vacated in part, and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Bonderrick E. Sanders appeals the district court's denial of his motion to correct an illegal sentence. We granted Sanders' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not respond to this motion. After review, we affirm the district court's actions but remand for a nunc pro tunc journal entry of judgment.

Sanders pled no contest to one count each of possession of cocaine with intent to sell, a severity level 3 drug offense; possession of cocaine without a tax stamp affixed, a severity level 10 nondrug felony; and traffic in contraband into a correctional institution, a severity level 5 nondrug offense. At sentencing, the district court followed the parties'

1

plea agreement and ordered a controlling 130-month term of imprisonment but granted Sanders' motion for a downward dispositional departure and placed Sanders on 36 months' probation, stating:

> "I'm going to grant the dispositional departure, so I will grant you a sentence, or impose a sentence of 130 months on Count One, post release is 24. Count Two is 15 months Department of Corrections, post release 24. Count Three is 6 months Department of Corrections, post release 24. All those are concurrent with each other."

The presentence investigation report (PSI) lists his primary offense as traffic in contraband into a correctional institution, the second offense as possession of cocaine with intent to sell, and the third offense as possession of cocaine without a tax stamp affixed. The journal entry of judgment lists traffic in contraband into a correctional institution as count three, possession of cocaine with intent to sell as count one, and possession of cocaine without a tax stamp affixed as count two.

The district court subsequently revoked Sanders' probation and ordered him to serve his underlying sentence. Sanders then filed a motion to correct an illegal sentence, arguing the district court erred in determining his sentence because the count numbers and their respective penalties did not correspond with the district court's oral pronouncement from the bench at sentencing. The district court denied Sanders' motion, holding that the court was not referencing the complaint or journal entry count number when it announced the sentences for each count. Rather, it was referring to the count numbers on the PSI.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

"[A]n 'illegal sentence' under K.S.A. 22-3504 [is]: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Here, Sanders argues his sentence is illegal because it does not conform to the applicable statutory provisions in the term authorized by statute. He argues that the district court imposed an illegal sentence upon him when it sentenced him to 130 months' imprisonment for possession of cocaine when the statutory maximum is 46 months' imprisonment.

However, it is clear from a review of the record on appeal that the district court was referring to the PSI counts when it imposed this sentence on Sanders and not the complaint. The PSI lists his primary offense as traffic in contraband into a correctional institution, the second offense as possession of cocaine with intent to sell, and the third offense as possession of cocaine without a tax stamp affixed. See K.S.A. 2015 Supp. 21-6819(b)(2) (stating primary crime is defined as crime with highest severity level).

Sanders was correctly sentenced within the statutory guidelines to 130 months' imprisonment for traffic in contraband into a correctional institution and 6 months' imprisonment for possession of cocaine without a tax stamp affixed. The district court's oral pronouncement for his conviction of possession of cocaine with intent to sell was for the standard sentence of 15 months' imprisonment. However, the journal entry of judgment lists his sentence as the aggravated term of 16 months' imprisonment. "'A criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry. A journal entry that imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed.'" *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) (quoting *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 [2007]). Although

3

Sanders does not appear to raise this issue in either his motion to correct an illegal sentence or his motion for summary disposition, an appellate court "may correct an illegal sentence *sua sponte*." *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013).

This error can be corrected by a nunc pro tunc order so that the journal entry of judgment reflects the actual sentence pronounced from the bench, which was a legal sentence. See K.S.A. 22-3504(2). We affirm the sentence imposed from the bench, but because the journal entry erroneously listed Sanders' term of imprisonment as 16 months' imprisonment rather than the orally pronounced 15 months' imprisonment, we remand this case with directions to the district court to issue a nunc pro tunc journal entry of judgment to correct that portion of the sentence.

Affirmed in part, vacated in part, and remanded with directions.