NOT DESIGNATED FOR PUBLICATION

No. 118,568

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA RAINA WHITTIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed October 12, 2018. Vacated and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and MALONE, JJ.

PER CURIAM:  Jessica Raina Whittier appeals the district court's revocation of her probation following her conviction of multiple drug crimes, including possession of methamphetamine with intent to sell. Whittier claims the district court erred by revoking her probation without first considering an intermediate sanction as required by law. We agree with Whittier's claim and remand for further proceedings.

On August 17, 2015, Whittier pled guilty to multiple drug crimes, including possession of methamphetamine with intent to sell. On October 2, 2015, the district court

1

imposed a controlling sentence of 105 months' imprisonment but granted a dispositional departure to probation with community corrections for 36 months.

On March 23, 2017, the State moved to revoke Whittier's probation because (1) she had not reported to the community corrections officer since December 29, 2016; (2) she had failed to report as directed on January 19, 2017; and (3) she was no longer residing at her reported place of residence. The State later filed amended motions to revoke probation claiming that Whittier failed to report changes in her employment and phone number, tested positive for drugs, failed to provide a UA on two different dates, and failed to report on August 2, 2017.

The district court held a probation revocation hearing on August 15, 2017, and the State presented evidence to support the allegations. After hearing the evidence, the district court found that the State satisfied its burden in proving the allegations and that Whittier was in violation of her probation. The district court also found that Whittier was "a danger to the community." The district court revoked Whittier's probation and ordered her to serve her underlying prison sentence. The journal entry of the probation violation hearing checked the box that the district court revoked Whittier's probation based on the public safety or offender welfare finding in K.S.A. 2017 Supp. 22-3716(c)(9). Whittier appealed.

On appeal, Whittier claims the district court erred by revoking her probation and imposing the underlying prison sentence without first considering an intermediate sanction as required by law. Whittier argues that the district court failed to set forth with particularity its reasons for finding that the safety of the members of the public would be jeopardized by imposing an intermediate sanction. Whittier also points out that although the district court may revoke probation without imposing an intermediate sanction if the probation was originally granted as the result of a dispositional departure, the district court did not invoke that statutory provision in revoking her probation. Whittier makes no

2

claim that the district court erred in finding that the State satisfied its burden in proving that she violated her probation. An issue not briefed by the appellant is deemed waived or abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

The State argues that the district court did not err in executing the sentence in this case without first imposing an intermediate sanction. The State argues that the district court's public safety finding was sufficient to bypass intermediate sanctions. The State also argues that the statute allows the district court to bypass intermediate sanctions when the welfare of the defendant will not be served by imposing such a sanction.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2017 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the underlying sentence imposed. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). But under K.S.A. 2017 Supp. 22-3716(c)(9)(A), the court may revoke an offender's probation without imposing intermediate sanctions if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare

3

of the offender will not be served by such sanctions. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

Likewise, under K.S.A. 2017 Supp. 22-3716(c)(9)(B), the court may revoke an offender's probation without imposing an intermediate sanction if the probation was originally granted as the result of a dispositional departure. The district court need not make any particularized findings when revoking probation based on this provision.

Whittier originally received a dispositional departure to probation. But as Whittier points out, the district court did not cite or rely on K.S.A. 2017 Supp. 22-3716(c)(9)(B) to bypass intermediate sanctions for Whittier. This subsection provides that the district court *may* revoke a defendant's probation without imposing an intermediate sanction if the probation was originally granted as the result of a dispositional departure. Whether to invoke this provision to bypass intermediate sanctions is at the district court's discretion. But this provision does not mean that a person receiving a dispositional departure is never entitled to receive graduated sanctions. Here, the district court did not invoke K.S.A. 2017 Supp. 22-3716(c)(9)(B) in revoking Whittier's probation, so we cannot rely on this subsection to uphold the district court's order. Moreover, the State's brief does not argue that this subsection provides a basis for upholding the district court's decision.

In revoking Whittier's probation without imposing an intermediate sanction, the district court relied only on the public safety exception in K.S.A. 2017 Supp. 22-3716(c)(9)(A). This subsection requires the district court to find and set forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized by imposing an intermediate sanction. When the law requires a court to make findings and state them with particularity, the findings "must be distinct rather than general, giving exact descriptions of all details." *McFeeters*, 52 Kan. App. 2d 45, Syl. ¶ 2.

4

"Implicit findings by a court are insufficient when particularized findings are required by statute." 52 Kan. App. 2d 45, Syl. ¶ 3.

In *McFeeters*, the district court bypassed the graduated sanctions in revoking the defendant's probation in a drug case, stating:

"'My major concern is drug usage. This is a drug case; you've failed to go to treatment. You only reported from the records that I see for about two months and I don't know how many UAs you had in two months, but I would venture to say you didn't have that many. You had one that you were dirty, you may have had more, I don't know how many you had. That was one question I was going to ask Mr. James [the probation officer], unfortunately, he is not here today, but you stopped reporting in two months. I don't know about the drug treatment and what was set up and whether you could get in right away or not, but it seems to me if you had been on probation before, you knew what you needed to do, you did not do that, you picked up another charge in the meantime, albeit a minor charge, apparently, the municipal court charge, but I do have concerns. I read through last night your LSI-R report and the substance abuse evaluation and I think there was some question in the substance abuse evaluation how accurate your recollection was with regard to your usage of drugs. I think that there was some conflicts, at least the evaluator believed that you said different things different times as to your drug usage, but definitely the recommendation was for completion of the intensive outpatient treatment program which you did not do.'" 52 Kan. App. 2d at 47.

On appeal, this court found these comments were inadequate to satisfy K.S.A. 2014 Supp. 22-3716(c)(9), vacated the order sending McFeeters to prison, and remanded the case to the district court for a new dispositional hearing. 52 Kan. App. 2d at 49. This court explained:

"The remarks made by the district court at McFeeters' revocation simply repeat the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation when exercising their discretion to revoke the privilege of probation. The law has changed. Simply stated, the district court's conclusory remarks

5

about McFeeters' apparent unwillingness or inability to conform his behavior to the requirements of probation fail to explain *how* [the safety of the] members of the public would be jeopardized if McFeeters remained on probation or *how* McFeeters' welfare would not be served by imposition of the immediate sanctions under K.S.A. 2014 Supp. 22-3716(c)(1)." 52 Kan. App. 2d at 49.

Here, in revoking Whittier's probation without imposing an intermediate sanction, the district court stated:

"I would also find that she's a danger to the community.
　　"If you're going to be on Community Corrections we have to know where you are. We have to know what you're doing. That means you have to be reporting and you have to be telling the truth. . . . You're not reporting, you're not telling the truth. So you don't want to be on Community Corrections. . . .
　　"So I don't really have any choice if you don't want to be on Community Corrections but to revoke your Community Corrections and order the sentence executed and that's what I'm going to do."

In bypassing intermediate sanctions for Whittier, the district court made the same mistake the court made in *McFeeters*. The district court found that Whittier was a danger to the community because she failed to meet the requirements of community corrections by not reporting and by not telling the truth. These remarks simply repeat the type of reasoning historically relied upon by sentencing courts in discussing a defendant's amenability to probation. The district court failed to make an explicit connection between Whittier's failure to meet the requirements of community corrections and the safety of the members of the public. Stated differently, the district court failed to explain *how* the safety of the members of the public would be jeopardized if Whittier remained on probation. Implicit findings by the court are insufficient when particularized findings are required by the statute. *McFeeters*, 52 Kan. App. 2d 45, Syl. ¶ 3.

6

The State also argues that K.S.A. 2017 Supp. 22-3716(c)(9)(A) "allows the trial court to execute a defendant's sentence without imposing sanctions when the welfare of the defendant will not be served by imposing a sanction." But here the district court did not rely on the "welfare of the offender" exception under K.S.A. 2017 Supp. 22-3716(c)(9)(A) in revoking Whittier's probation. Instead, the hearing transcript reflects that the district court bypassed intermediate sanctions for Whittier based only on the finding that she was "a danger to the community." To the extent that the journal entry reflects any additional ground, the district court's pronouncement from the bench controls. See *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012).

We vacate the order sending Whittier to prison and remand her case to the district court for a new dispositional hearing. At that hearing, the district court can either impose an intermediate sanction under K.S.A. 2017 Supp. 22-3716(c) or, in the alternative, set forth with particularity its reasons for finding that the safety of the members of the public will be jeopardized by imposing such an intermediate sanction.

Vacated and remanded with directions.