NOT DESIGNATED FOR PUBLICATION

No. 120,258

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR M. CHAVEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 27, 2019. Affirmed in part and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

PER CURIAM: Victor M. Chavez appeals the district court's decision to revoke his probation and impose his underlying prison sentence. He argues the district court erred in two ways: (1) by failing to make the particularized findings required to justify invoking the public safety and offender welfare exceptions to the intermediate sanctions requirement and (2) by imposing his underlying prison sentence instead of a lesser modified sentence. After reviewing the record on appeal, we conclude that the district court did not abuse its discretion in ordering Chavez to serve his underlying prison sentence. But we must remand the case to the district court to correct the journal entry of

1

judgment's inclusion of language regarding public safety or offender welfare findings because the district court did not rely on these exceptions in revoking Chavez' probation.

FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2015, Chavez entered guilty pleas to one count each of aggravated battery and aggravated endangering a child. In exchange for Chavez' pleas, the State agreed to join in Chavez' request for a dispositional departure sentence to probation. At sentencing on April 24, 2015, the district court imposed a controlling prison sentence of 30 months but granted the parties' request for a dispositional departure and sentenced Chavez to an 18-month term of probation.

On July 22, 2015, Chavez admitted to violating the conditions of his probation, waived his right to a hearing, and agreed to serve a three-day jail sanction.

On February 10, 2016, Chavez again admitted to violating the conditions of his probation by driving on a suspended license and receiving a traffic citation. Chavez waived his right to a hearing and agreed to serve a two-day jail sanction.

On April 25, 2016, the State filed a warrant alleging that Chavez had violated his probation by committing the offenses of driving under the influence, transporting an open container, driving on a suspended license, driving without insurance, and disobeying a no-turn sign. The State also alleged that Chavez had failed to report to his intensive supervision officer (ISO) as directed. The parties appeared at a probation violation hearing on January 12, 2017, where Chavez waived his right to an evidentiary hearing and admitted to the allegations. The district court accepted Chavez' admission and found that he had violated the terms and conditions of his probation. The court then ordered Chavez to serve a 180-day prison sanction and extended his probation for an additional 18 months.

2

On January 9, 2018, the State filed a warrant alleging that Chavez had once again violated the terms of his probation by committing the offense of domestic battery and failing to attend cognitive skills classes. On March 29, 2018, the State amended the warrant to include an allegation that Chavez had committed the offense of driving on a suspended license. At a probation violation hearing on May 4, 2018, Chavez waived his right to an evidentiary hearing and, after the State withdrew the domestic battery allegations, admitted to the remaining allegations. The district court accepted Chavez' admission, found that he had violated the terms and conditions of his probation, and reinstated Chavez' probation by extending it for 12 months.

On June 28, 2018, the State filed a warrant alleging that Chavez had violated the terms of his probation by committing the crimes of domestic battery and unlawful restraint and by failing to report to his ISO.

On July 17, 2018, the State filed another warrant alleging that Chavez had violated the terms of his probation by attempting to submit an unknown liquid as his urine during a urinalysis (UA) collection, by refusing to provide a UA sample, and by refusing to stay at the residential facility until he provided a valid UA sample.

On July 27, 2018, the State filed a warrant alleging that Chavez had violated the terms of his probation by failing to report to his ISO.

Finally, the State filed two additional warrants in August and September 2018, alleging that Chavez had violated the terms of his probation by submitting a urine sample that tested positive for THC and by admitting that he had used marijuana on multiple occasions.

The district court held a probation violation hearing on the State's five most recent warrants. At the hearing, the State withdrew the domestic battery and unlawful restraint

3

allegations in the June 28, 2018 warrant. Chavez waived his right to an evidentiary hearing and admitted to the remaining allegations. The district court accepted Chavez' admission and found that he had violated the terms of his probation. The State asked the district court to impose Chavez' underlying prison sentence of 30 months, arguing that he had "exhausted the sanctions track" and appeared unamenable to further efforts at rehabilitation. Conversely, Chavez requested a modified prison sentence of 15 months, noting the nonviolent nature of his probation violations and that he had committed no new felonies while on probation. Chavez claimed that a shorter sentence would allow him to seek treatment for his marijuana addiction sooner and be present for his children. Unpersuaded by Chavez' arguments, the district court denied his request for sentence modification and imposed the underlying 30-month prison sentence. In ordering Chavez to prison, the judge stated that there were not "a whole lot of options because I've run through them all."

ANALYSIS

On appeal, Chavez argues the district court erred by (1) failing to make the particularized findings required to justify invoking the public safety and offender welfare exceptions to the intermediate sanctions requirement and (2) by imposing his underlying prison sentence instead of a lesser modified sentence. We address each allegation in turn.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden

4

of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The district court's discretion to revoke a defendant's probation is limited by statute. K.S.A. 2018 Supp. 22-3716(c) generally requires the district court to impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(9)(A). "When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992).

Here, the journal entry of judgment of the final probation violation hearing lists "public safety or offender welfare finding" as a reason for revocation. Chavez argues that the district court improperly relied on these reasons to revoke his probation because it made no public safety or offender welfare findings whatsoever.

Chavez correctly notes that the district court did not refer to public safety or offender welfare as a reason for revoking his probation. Contrary to Chavez' argument, however, the district court was not required to do so because it did not need to rely on the exceptions set forth in K.S.A. 2018 Supp. 22-3716(c)(9)(A) to revoke Chavez' probation and impose his underlying prison sentence. As earlier stated, the district court had previously imposed the following intermediate sanctions: a 3-day jail sentence in August 2015, a 2-day jail sentence in February 2016, and a 180-day prison sentence in January 2017. At the probation violation hearing, the parties discussed Chavez' exhaustion of the "sanctions track" and the lack of options available to the district court. Thus, the reference in the journal entry to public safety and offender welfare appears to be a clerical error. We consider this to be an error in the record arising from oversight or omission that may be corrected at any time. See K.S.A. 2018 Supp. 22-3504(2) (providing for correction of clerical errors in journal entries); *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) (journal entry that imposes sentence at variance with sentence pronounced from bench is erroneous and must be corrected). Accordingly, we remand to the district court with directions to correct the journal entry of judgment by removing reference to public safety or offender welfare as a reason for revocation.

Turning to Chavez' allegation that the district court abused its discretion by imposing his underlying prison sentence instead of a shorter modified sentence, Chavez offers us no legal or factual basis on which the district court erred. Rather, he argues that the district court's decision was unreasonable because he never committed any new felonies while on probation and because his violations were for nonviolent offenses. Chavez notes that his primary offense was smoking marijuana and suggests that a 30-month prison sentence is incongruous with his situation. Chavez claims that a lesser, modified sentence would allow him a chance to start drug treatment sooner and would conserve government resources for violent probation offenders.

6

We disagree. Chavez was convicted of serious crimes for which he faced presumptive prison sentences. The district court granted Chavez a dispositional departure and placed him on probation instead. Chavez had multiple opportunities to comply with his probation but failed to do so. He repeatedly violated the conditions of his probation by using marijuana, driving under the influence, transporting an open container, committing traffic violations, driving on a suspended license, driving without insurance, refusing to provide a valid UA sample, failing to attend cognitive skills classes, and failing to report to his ISO. Despite Chavez' repeated violations, the district court imposed three intermediate sanctions and twice extended Chavez' probation before finally ordering him to serve his underlying prison sentence. It is clear from the record that the district court considered Chavez' arguments in mitigation, including his need for drug treatment, but felt that it had no choice but to impose the 30-month prison sentence given Chavez' proven inability to comply with the terms of his probation. We have no trouble concluding that a reasonable person could agree with the district court's rationale. Accordingly, the district court did not abuse its discretion in revoking Chavez' probation and imposing his underlying prison sentence.

Affirmed in part and remanded with directions.