NOT DESIGNATED FOR PUBLICATION

No. 122,593

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS AARON MCGEE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 30, 2021. Affirmed in part and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Nicholas Aaron McGee appeals from the district court's denial of his presentence motion to withdraw plea. On appeal, McGee contends that the district court erred in concluding that he failed to demonstrate good cause for withdrawing his plea. Finding no abuse of discretion, we affirm the district court's denial of his motion to withdraw plea. However, we do find that the journal entry reflecting McGee's sentence is inconsistent with the district court's pronouncement of his sentence from the bench. Thus, we remand this matter to the district court with directions to correct the journal entry with a nunc pro tunc order so that it reflects the actual sentence pronounced from the bench.

1

In September 1999, McGee was convicted of two counts of indecent liberties with a child. As a result, he was required to register as a sex offender under K.S.A. 22-4901 et seq. On March 22, 2012, McGee was convicted of one count of violating his duty to register as a sex offender.

About six years later, on November 26, 2018, the State again charged McGee with failing to register as a sex offender. On April 30, 2019, under the terms of a plea agreement, McGee pled no contest to one count of violating his duty to register. In exchange, the State agreed to recommend the low number in the sentencing grid box and agreed to allow McGee to argue for any disposition.

At the plea hearing, the district court explained the terms of the plea agreement to McGee. Moreover, in response to questioning by the district court, McGee confirmed that he read over and signed the plea agreement. The district court also explained to McGee the rights he would be giving up by pleading no contest, including the waiver of his right to a jury trial. McGee confirmed that he understood those rights and had no questions about them.

The district court asked McGee whether anybody had threatened or coerced him, and he stated that no one had done so. McGee also confirmed that he had enough time to talk to his attorney about the plea agreement and acknowledged that his attorney had answered all of his questions. After questioning McGee, the district court found that he was entering his plea willingly, knowingly, and voluntarily. The district court also found that McGee understood the potential penalties that he faced by entering his plea. Accordingly, the district court accepted McGee's plea and found him guilty of failing to register as a sex offender.

The presentence investigation (PSI) report listed McGee's criminal history score as D. The PSI noted that McGee had two prior convictions for indecent liberties with a child, but only one of those convictions was used to calculate his criminal history score because the other conviction was an element of the current crime. Similarly, McGee's prior conviction for failure to register as a sex offender was not scored because it was used to enhance the severity level of the current crime.

Prior to sentencing, McGee filed a pro se motion to withdraw his plea. In his motion, McGee alleged that he "was manipulated into signing the plea agreement," and "there was an injustice in the charge." According to McGee, his attorney failed to investigate his claims of innocence. In addition, McGee objected to his criminal history score. Specifically, he suggested that both of his prior indecent liberties convictions were elements of his current crime because he was convicted of both in one case.

On September 20, 2019, the district court held an evidentiary hearing at which McGee was represented by new counsel. At the hearing, McGee's trial attorney testified that she informed McGee that the crime of violating the duty to register is a strict liability crime and that it would be difficult to mount a successful defense. She also testified that McGee had admitted to a law enforcement officer that he lived in a city other than the one in which he was registered.

McGee's trial attorney testified that after discussing potential defenses with her client, McGee made the decision to enter a no-contest plea. She further testified that she went over the plea agreement with her client and that he indicated that he understood her explanations. In addition, she testified that after she reviewed the plea agreement with McGee, he informed her that he found it to be acceptable and that he wanted to go forward with the plea.

3

McGee also testified at the hearing. In doing so, he confirmed much of his trial attorney's testimony. He admitted that she had gone over the terms of the plea agreement with him and that she had explained the possible sentencing outcomes. However, McGee indicated that he disagreed with his criminal history score because he did not think either of his indecent liberties convictions should have been scored. McGee also disputed that he admitted to law enforcement that he lived in a city besides the one he was registered to live in.

McGee claimed that his trial attorney had "pushed" him into pleading no contest. Specifically, he asserted that she threatened him by indicating the State could add more charges if he did not enter into the plea agreement. On cross-examination, however, McGee conceded that he had prior cases in which his criminal history score was a D based on the same prior convictions.

At the conclusion of the evidentiary hearing, the district court denied McGee's motion to withdraw his plea. In doing so, the district court ruled that McGee had failed to show good cause to withdraw his plea. In particular, the district court found that McGee was aware of his criminal history score based on other cases in which he had been a defendant. Additionally, the district court noted that McGee had indicated his understanding of the potential sentencing range—no matter his criminal history score—when he entered his plea. The district court further found that the plea colloquy and the plea agreement showed that McGee was not coerced into entering his no-contest plea.

Ultimately, the district court followed the plea agreement and sentenced McGee to 50 months in prison—which is the mitigated presumptive prison sentence for the offense of conviction. The district court also ordered his sentence in this case to run concurrent to a sentence in an unrelated domestic violence case. Nevertheless, the journal entry of judgment mistakenly reflects that this case is to run consecutive to the domestic violence case.

4

On appeal, McGee contends the district court erred when it denied his presentence motion to withdraw plea. K.S.A. 2020 Supp. 22-3210(d)(1) grants a district court the discretion to allow a defendant to withdraw a plea prior to sentencing upon a showing of good cause. When determining whether a defendant has established good cause, the district court should consider three factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Newman*, 311 Kan. 155, 158-59, 457 P.3d 923 (2020); see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

These factors—commonly referred to as the *Edgar* factors—are not exclusive. See *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). In other words, "[a]ll of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010). Kansas law provides that every plea must be entered into "voluntarily with understanding of the nature of the charge and the consequences of the plea." K.S.A. 2020 Supp. 22-3210(a)(3).

Here, McGee relies on the second and third *Edgar* factors. Specifically, he argues that he was pressured into accepting the plea and that he did not fully understand the possible sentence he faced. On appeal, we review the district court's decision to deny a presentence motion to withdraw a plea for an abuse of discretion. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). The district court abuses its discretion when its action is based on an error of law or of fact or if the action is arbitrary, fanciful, or unreasonable. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020).

As the party challenging the district court's decision, McGee bears the burden to establish an abuse of discretion. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). Moreover, we do not reweigh the evidence or assess credibility of the witnesses on appeal. Rather, we are to defer to the district court's factual findings so long as they are supported by substantial competent evidence. *Woodring*, 309 Kan. at 380.

We note that the same district court judge who presided over McGee's plea hearing also conducted the evidentiary hearing considering his motion to withdraw plea. Further, in rendering his decision, the district court judge refreshed his recollection by reviewing the transcript of the plea hearing. After doing so, the district court concluded that McGee had failed to show good cause to withdraw his plea and denied the motion.

Based on our review of the record on appeal, we find that McGee has failed to establish that the district court abused its discretion. We note that at the plea hearing the district court judge repeatedly asked McGee questions about his understanding of the plea agreement, the rights he would be giving up, the sentence that he was facing, and his satisfaction with counsel. Each one of McGee's responses to the questions during the plea colloquy supports the district court's conclusion that McGee's plea was voluntarily and understandingly made.

Likewise, we note that the district court specifically asked McGee at the plea hearing whether anyone threatened or coerced him into entering the plea agreement. McGee responded that nobody had done so. In addition, at the evidentiary hearing on McGee's motion to withdraw plea, his trial counsel testified that it appeared that McGee understood the plea agreement, and she denied doing anything to coerce him into entering his plea. Thus, we find that the district court's conclusion that McGee knowingly and voluntarily entered his plea is supported by substantial competent evidence in the record on appeal.

A review of the record also contradicts McGee's argument that he did not anticipate that his criminal history score would be D. The written plea agreement—which McGee signed—stated that the State anticipated that defendant's criminal history would be D. At the plea hearing, McGee represented to the district court that he had read and discussed the contents of the plea agreement and the acknowledgment of rights form with his attorney. He also agreed that it was his signature that appeared on these forms.

Furthermore, the record reveals that McGee represented to the district court at the plea hearing that his trial attorney had discussed with him and he understood the potential consequences of changing his plea from not guilty to no contest. In fact, McGee unequivocally informed the district court at the plea hearing that (1) he had not felt threatened or pressured to accept the plea, (2) he had enough time to discuss the plea with counsel, (3) he understood the punishment he was facing, and (4) he was satisfied with counsel's performance.

We also note that McGee did not question his anticipated criminal history score at the plea hearing. At the evidentiary hearing on the motion to withdraw plea, McGee acknowledged that his criminal history score had also been calculated as D in other criminal cases in which he was sentenced. He further testified that his trial attorney thought his criminal history score was D. Accordingly, the record does not support his argument that he entered his no-contest plea based on a belief that his criminal history score would be calculated lower than D.

In summary, we conclude the district court reviewed McGee's plea colloquy, considered the testimony presented at the evidentiary hearing on the motion, and appropriately exercised its discretion to determine that McGee had failed to show good cause to withdraw his plea. We also conclude that the district court's findings of fact are supported by substantial competent evidence. Specifically, we find that the record on

appeal supports the district court's conclusion that McGee made a knowing and voluntary decision to plead no contest.

Finally, McGee suggests that his sentence is illegal because the journal entry memorializing his sentence contradicts the district court's oral pronouncement from the bench that the sentence would run concurrent to the sentence in a domestic violence case. In Kansas, a sentence is effective when pronounced from the bench. *State v. Tafoya*, 304 Kan. 663, Syl. ¶ 2, 372 P.3d 1247 (2016). Moreover, a journal entry that imposes a sentence at variance with the sentence pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). Although McGee is mistaken that the incorrect journal entry constitutes an illegal sentence, we find that this case should be remanded to the district court to correct the journal entry of sentencing with a nunc pro tunc order so that it accurately reflects the sentence pronounced from the bench.

Affirmed in part and remanded with directions to correct the journal entry.