NOT DESIGNATED FOR PUBLICATION

Nos. 124,316
124,317

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN ANTONIO BARRERA JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed July 29, 2022. Affirmed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before WARNER, P.J., HURST, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Juan Antonio Barrera Jr. appeals the district court's revocation of his probation in two consolidated cases. We granted Barrera's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record, we find that the district court did not err and affirm.

In June 2019, Barrera pleaded no contest to two counts of felony interference with law enforcement and one count of misdemeanor domestic battery based on conduct that occurred the previous February. The district court granted Barrera 12 months of probation with an underlying 12-month prison sentence.

1

Barrera's probation was not successful. After he failed to report to his probation officer on several occasions, Barrera agreed in January 2020 that his probation should be revoked and reinstated for an additional 12 months.

A month later, Barrera pleaded no contest in a second case to possession of methamphetamine. At that time, Barrera had a criminal-history score of B, which meant the Kansas Sentencing Guidelines imposed a prison sentence for his crime. At the sentencing hearing in November 2020, however, the district court imposed a departure sentence of 12 months of probation with an underlying term of 34 months of imprisonment. At the same time, Barrera stipulated that his new conviction violated his probation in the first case, and the court again revoked and reinstated Barrera's probation there, extending it an additional 12 months.

In December 2020 and January 2021—about a month after the sentence was imposed in his second case—Barrera again failed to report to his probation officer. The State filed a motion to revoke Barrera's probation in both cases based on his failure to report, and Barrera was arrested. The State later amended its revocation motion, removing the failure-to-report allegations (because Barrera had been assisting his dying mother at the hospital during that time) but alleging that Barrera had violated his probation in several other ways:

- Barrera was pulled over for a traffic infraction in November 2020. The State alleged this violated his probation not only because he was required to obey the law, but also because it occurred outside his probation curfew (occurring shortly after midnight) and because he did not report the incident to his probation officer.

- Barrera was fired from his job and failed to report this change—or that he was doing occasional work for a different company—to his probation officer.

- Barrera had not paid all outstanding court costs.

Barrera stipulated to these violations in both cases. But Barrera sought leniency, given his mother's recent passing. The district court recognized Barrera's loss but noted that he had violated his probation in other ways—namely, not providing accurate information to his probation officer on several occasions, both before and after his mother's death. The court also noted that it had extended, rather than outright revoked, Barrera's probation multiple times—despite the fact that he had committed a new offense while on probation and had been granted a dispositional departure in the second case. Under these circumstances, the court revoked Barrera's probation in both cases and ordered him to serve his underlying sentences.

Barrera's sole argument on appeal is that the district court abused its discretion in revoking his probation and imposing his underlying sentences. The decision to revoke probation is a discretionary judgment vested with the district court. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A court abuses its discretion when its judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Barrera bears the burden of proving that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In general, Kansas law imposes a framework of graduated sanctions for probation violations before a court may revoke probation outright. The nature and extent of these sanctions differ in some respects based on when a crime was committed. This means that the frameworks that apply to Barrera's cases differ slightly because he committed his offenses in February and December 2019. See K.S.A. 2018 Supp. 22-3716 (for crimes committed before July 1, 2019); K.S.A. 2019 Supp. 22-3716 (for crimes committed on or after July 1, 2019); see also *Coleman*, 311 Kan. at 337 (statutory amendments apply prospectively unless legislature indicates otherwise).

Barrera does not argue that the graduated-sanction framework in either version of the statute required the district court to impose an intermediate sanction. With respect to Barrera's first case, the court had already twice extended his probation as a sanction for violating his probation terms. See K.S.A. 2018 Supp. 22-3716(c)(1)(A), (C), and (E) (allowing a court to revoke probation after it has twice previously sanctioned a probationer by continuing or modifying the conditions of probation). Barrera had also committed a new crime while he was on probation in that first case. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) (allowing a district court to revoke probation when a person commits a new crime). And Barrera's probation in his second case was granted as a result of a dispositional departure, so the district court had discretion to revoke his probation without imposing additional intermediate sanctions. See K.S.A. 2019 Supp. 22-3716(c)(7)(B).

Nor does Barrera argue that the district court's decision to revoke his probation was based on some other error of fact or law. Instead, he argues that the decision was unreasonable in light of his mother's illness and death. But Barrera's argument fails to recognize that the district court acknowledged Barrera's loss, and the State amended its revocation motion to remove his missed reporting dates during his mother's hospitalization. Barrera also stipulated to several other violations of his probation, including not reporting his work history or interactions with law enforcement to his probation officer. Given these violations, and taking into account his long history of violations and the leniency the district court had previously shown, the court's decision to revoke Barrera's probation and impose his underlying sentences was not unreasonable.

Before closing, we pause to observe that the journal entry of the district court's probation revocation incorrectly indicates that the court revoked Barrera's probation because he absconded. Nowhere in the hearing on Barrera's probation violation did the court or parties mention absconding, nor does any evidence in the record support such a finding. See *State v. Huckey*, 51 Kan. App. 2d 451, 457, 348 P.3d 997 (simply failing to

report to a supervising officer does not equate to absconding), *rev. denied* 302 Kan. 1015 (2015). The journal entry must be corrected to reflect only the violations alleged by the State and found by the district court. We thus remand this case to the district court to issue a corrected journal entry, through a nunc pro tunc order, that accurately reflects its probation-revocation decision. Accord *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) ("The journal entry of sentencing can be corrected by a nunc pro tunc order so that it reflects the actual sentence pronounced from the bench, which was a legal sentence.").

We affirm the district court's revocation of Barrera's probation and imposition of his underlying sentences in both cases before us. We remand the cases so nunc pro tunc journal entries may be filed to accurately reflect the specific probation violations the district court found.

Affirmed and remanded with directions.