NOT DESIGNATED FOR PUBLICATION

No. 127,781

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RORY EVAN SANDFORT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHAD M. CRUM, judge. Opinion filed February 14, 2025. Affirmed and remanded with directions.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HILL, P.J., MALONE and CLINE, JJ.

PER CURIAM: Rory Evan Sandfort appeals the district court's decision to revoke his probation and order him to serve a modified prison sentence. Finding no abuse of discretion, we affirm the district court's judgment but remand with directions to correct the journal entry to properly reflect Sandfort's modified sentence.

FACTS

On September 4, 2020, Sandfort pled guilty to one count of nonresidential burglary and one count of possession of stolen property for crimes committed in November 2019. The facts of the case are not relevant to this appeal. On October 27, 2020, the district court sentenced Sandfort to a controlling term of 18 months'

1

imprisonment with 12 months' postrelease supervision but granted probation for 24 months to be supervised by community corrections.

In the following years Sandfort violated his probation several times. On July 20, 2021, Sandfort waived his right to a hearing, acknowledged he violated his probation by failing to report to his intensive supervision officer (ISO) as directed, and received a two-day quick dip jail sanction. On June 10, 2022, Sandfort again waived a hearing and stipulated to violating his probation by failing to report to his ISO as directed. This time the district court imposed a three-day quick dip jail sanction. Sandfort's probation term was later extended to allow him to pay restitution. At a hearing on October 13, 2023, Sandfort stipulated to violating his probation by failing to report to his ISO as directed and by failing to refrain from using illegal drugs. The district court ordered Sandfort to serve a 60-day jail sanction and extended his probation an additional 12 months.

After Sandfort completed the 60-day jail sanction, the State alleged that he again violated the terms of his probation by not reporting to his ISO as directed and for being convicted of a crime in a new case while on probation. The district court held a hearing on February 16, 2024, where Sandfort stipulated to the violations including a theft conviction in a new case. At the hearing, Sandfort, through counsel, argued that he had an inpatient treatment bed waiting for him in Sedgwick County, and argued he should serve a sanction and resume probation so he could access the treatment. Sandfort's ISO stated that he knew nothing about the possible inpatient treatment and normally he would have heard from Sedgwick County if the placement was available. Sandfort spoke on his own behalf and claimed that he was struggling with sobriety, his father's death, the loss of his marriage, and the loss of a longtime job.

After hearing from the parties, the district court revoked Sandfort's probation and ordered that he serve a modified sentence of 15 months' imprisonment. The district court reasoned the case had been ongoing for a long time and Sandfort still owed restitution. A

2

journal entry was later filed reflecting that the district court revoked Sandfort's probation and ordered him to serve his original 18-month prison sentence. Sandfort timely appealed. He moved for the summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State responded and agreed that summary disposition was appropriate. We granted Sandfort's motion on October 25, 2024.

ANALYSIS

Sandfort claims the district court "abused its discretion in ordering him to serve a modified prison sentence instead of reinstating his probation." Sandfort argues that he struggled with a substance abuse disorder and relapsed after moving to Kansas and losing his marriage, job, and father. Sandfort claimed he had inpatient treatment available to him and the district court abused its discretion by denying him access to that treatment. The State responds that this case began in 2019 and that Sandfort was given many opportunities and assistance to complete his probation but failed to do so.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a violation of the defendant's probation is established, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Sandfort concedes the district court had authority to revoke his probation. Sandfort served several intermediate sanctions and stipulated to committing a new crime while on probation. The district court reasonably found that probation was ineffective considering Sandfort's many failures under supervision. Indeed, after serving his 60-day jail sanction,

3

Sandfort stipulated to not reporting to his ISO, showing no movement towards change. The district court's decision to revoke Sandfort's probation was not unreasonable, arbitrary, or fanciful and was not based on an error or law or fact.

Although we affirm the district court's decision to revoke Sandfort's probation, our review of the record has revealed a clerical error in the judgment. The parties agree that in the February 16, 2024 hearing, the district revoked Sandfort's probation and ordered him to serve a modified sentence of 15 months' imprisonment. Yet the journal entry has a checked box showing the district court imposed the original sentence and specifying that he serve an 18-month prison term. When the sentence pronounced from the bench differs from the sentence imposed in the journal entry, the sentence pronounced from the bench controls. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). The court may correct clerical errors such as this at any time. K.S.A. 22-3504(b). Thus, we remand with directions for the district court to correct the journal entry to properly reflect Sandfort's modified sentence of 15 months' imprisonment, less credit for time served.

Affirmed and remanded with directions.