NOT DESIGNATED FOR PUBLICATION

No. 122,614

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN G. MCCULLOUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed May 21, 2021. Affirmed in part and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Committing a new crime while on probation is never wise. Christian G. McCullough now appeals from the district court's decision to revoke his probation and impose his underlying prison sentence after he committed a new crime in Texas. He argues the district court abused its discretion in revoking his probation without first imposing intermediate sanctions and, for the first time on appeal, claims the district court erred in calculating his criminal history score by classifying two prior Florida convictions for battery against a law enforcement officer as person felonies. While we find no abuse of discretion by the district court in revoking McCullough's probation, we agree with McCullough the district court may have erred in calculating his criminal

1

history score. Therefore, we affirm in part and remand the case to the district court to determine if his criminal history was correctly or incorrectly scored.

FACTS

In February 2017, McCullough was pulled over for failure to stop or attempt to stop at a traffic control device. McCullough did not have a license, registration, or proof of insurance. The officers ran McCullough's name through dispatch and determined McCullough had a full extradition warrant out of Texas for controlled substances. McCullough was placed under arrest for the outstanding warrant. Then, a narcotics K9 gave the officers a positive alert while moving around the trunk of the vehicle. McCullough consented to his vehicle being searched, and the officers found drug paraphernalia, methamphetamine, marijuana, and heroin.

The State charged McCullough with:

- possession of methamphetamine, in violation of K.S.A. 2016 Supp. 21-5706(a);
- possession of heroin, in violation of K.S.A. 2016 Supp. 21-5706(a);
- misdemeanor possession of drug paraphernalia, in violation of K.S.A. 2016 Supp. 21-5709(b)(2);
- misdemeanor driving with a canceled, suspended, or revoked license, in violation of K.S.A. 2016 Supp. 8-262(a)(1);
- misdemeanor driving without proof of liability insurance, in violation of K.S.A. 2016 Supp. 40-3104;
- misdemeanor transportation of alcoholic beverage in opened containers in a vehicle, in violation of K.S.A. 2016 Supp. 8-1599; and

- a traffic infraction for failure to obey the instructions of an official traffic control device, in violation of K.S.A. 8-1507.

Based on plea negotiations, McCullough pled guilty to and was convicted of:

- possession of heroin;
- driving with a canceled, suspended, or revoked license;
- driving without proof of liability insurance; and
- transporting an open container of alcoholic beverage in a vehicle.

After McCullough's plea, the State dismissed all other charges. McCullough was released on an O.R. bond pending sentencing.

At McCullough's sentencing in November 2018, the presentence investigation (PSI) report reflected two felony person convictions in 2007 from Florida for battery against a law enforcement officer. Defense counsel did not challenge McCullough's criminal history. The district court found McCullough's criminal history was B, which resulted in a presumptive prison sentence. The district court imposed a 34-month prison sentence with 12 months' postrelease supervision. McCullough was also sentenced to serve:

- 90 days in jail for driving with a canceled, suspended, or revoked license;
- 90 days in jail for driving without proof of liability insurance; and
- 30 days in jail for transporting an open container of alcoholic beverage in a vehicle.

The district court suspended all jail terms and granted McCullough a downward dispositional departure to 12 months' probation. All counts were ordered to run concurrently. McCullough's probation supervision was transferred to Texas.

McCullough, while still on probation and under supervision in Texas, was arrested for a new misdemeanor offense, driving while intoxicated, in Hunt County, Texas. McCullough pled guilty and was convicted in July 2019.

The State moved to revoke his supervised probation and requested a bench warrant, alleging McCullough violated the terms of probation and absconded. After receiving a violation report from McCullough's probation officer in Texas, the State alleged McCullough was arrested on new charges; traveled outside a restricted travel area; failed to report to his intensive supervision officer (ISO) in April and May 2019; failed to complete any conditions of probation; and remained delinquent in probation associated fees.

At the revocation hearing in February 2020, McCullough's ISO testified McCullough had absconded from his supervision and recommended McCullough serve his underlying prison sentence. McCullough testified he stopped reporting in Dallas, Texas, but was reporting more often in Greenville, Texas. The district court found McCullough violated his probation, revoked it, and ordered him to serve his original underlying prison sentence of 34 months. At the revocation hearing, the district court announced McCullough got in more trouble and acknowledged such violation when he pled guilty to driving while intoxicated in Texas. However, the journal entry for the probation revocation hearing indicated McCullough's probation was revoked because McCullough's original sentence resulted from a dispositional departure.

ANALYSIS

I.   THE DISTRICT COURT PROPERLY IMPOSED MCCULLOUGH'S UNDERLYING PRISON SENTENCE AFTER REVOKING HIS PROBATION.

McCullough argues the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence without first imposing intermediate sanctions. McCullough claims the district court incorrectly revoked his probation on the basis his original sentence was a dispositional departure. However, this probation revocation rule was not in effect when he committed his crimes in February 2017. See *State v. Coleman*, 311 Kan. 332, 336-37, 460 P.3d 828 (2020) (holding trial court may revoke probationer's probation without imposing intermediate sanctions if probation was granted as dispositional departure only if probationer's offenses or crimes of conviction occurred on or after July 1, 2017). McCullough asks us to reverse the district court's decision and remand to place him back on probation. The State argues the district court need not impose intermediate sanctions if the offender commits a new felony or misdemeanor or absconds from supervision while on probation.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

A criminal sentence is effective when the district court formally declares the legal consequences of the conviction and pronounces the sentence from the bench. *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016). A journal entry imposing a conflicting sentence from that announced from the bench is erroneous and must be corrected to

reflect the actual sentence imposed. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012).

At the probation revocation hearing, the district court explained that McCullough was not going to "make it" or succeed on probation if he was "going off and getting into more trouble." The district court also found McCullough admitted he violated the terms of probation and pled guilty to a new crime in Texas. McCullough's sentence was effective when the district court formally announced he committed a new crime based on his plea and ordered revocation of his probation. However, the journal entry conflicts with the district court's announcement on the record. The box checked on the journal entry reflects McCullough's probation was revoked under K.S.A. 22-3716(c)(7) because his original sentence stemmed from a dispositional departure. The journal entry is erroneous, and the sentence pronounced from the bench controls.

The district court had the authority to revoke McCullough's probation and order him to serve his underlying sentence because he committed a new crime while on probation. See K.S.A. 2016 Supp. 22-3716(c)(8)(A) (court may revoke probation without having imposed intermediate sanction if offender commits new felony or misdemeanor while on probation). McCullough was unable to comply with the terms of probation and committed a new crime approximately four months after he was granted probation. In light of McCullough committing a new crime while on probation, he cannot establish the district court's decision was arbitrary, fanciful, or unreasonable.

We acknowledge the district court's announcement from the bench could have been more clear; however, it was still sufficient to show McCollough's probation was revoked for committing a new crime. We affirm the district court's decision and further direct the district court to file a nunc pro tunc journal entry to reflect the correct reasons why McCullough's probation was revoked.

II.     WE MUST REMAND.

For the first time on appeal, McCullough argues the district court erred in scoring his Florida convictions as person felonies when it calculated his criminal history score. He asks us to vacate his sentence and remand to the district court for a new sentencing hearing. The State agrees remand is appropriate for the district court to determine which version of the Florida battery statute McCullough was convicted of violating and whether the felonies should be classified as person or nonperson felonies.

Classifying prior offenses to determine criminal history involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq. Statutory interpretation is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

A.      *Issue raised for the first time on appeal*

McCullough accepted his PSI report at sentencing without objection. Even so, he can still challenge his criminal history for the first time on appeal because improperly classifying a prior conviction to determine a criminal history score can lead to an illegal sentence, which can be corrected at any time. See K.S.A. 2020 Supp. 22-3504(a); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Further, "[s]ubjecting a defendant to a longer sentence without a legal basis would be a miscarriage of justice. And barring claims seeking to correct such an error on preservation grounds is inconsistent with our body of law surrounding illegal sentences." *State v. Williams*, 311 Kan. 88, 94, 456 P.3d 540 (2020).

B. *Calculating criminal history score based on comparable offense in another state*

All felony convictions and adjudications occurring prior to the current sentencing are considered when calculating a criminal history score. *Wetrich*, 307 Kan. at 555. "If a crime is a felony in the convicting jurisdiction, it will be counted as a felony in Kansas." K.S.A. 2020 Supp. 21-6811(e)(2)(A). Neither party disputes the felony classification of McCullough's Florida convictions for battery against a law enforcement officer, making the crimes felonies in Kansas.

A crime is also designated as person or nonperson. K.S.A. 2020 Supp. 21-6811(e)(3). When considering an out-of-state conviction for classifying a defendant's criminal history score, the district court must refer to the Kansas criminal code in effect on the date the current crime of conviction was committed to find a comparable offense. An out-of-state conviction is considered a nonperson crime if there is no comparable Kansas offense in effect on the date the defendant committed the current crime of conviction. K.S.A. 2020 Supp. 21-6811(e)(3)(A). Our Supreme Court has explained that "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 307 Kan. at 562. To determine whether McCullough's Florida battery conviction should be classified as a person or nonperson offense, the elements of battery in Florida must be compared with the elements of battery in Kansas in February 2017, when McCullough committed his current crime of conviction.

C. *Comparing Florida battery statute with Kansas battery statute*

McCullough's PSI report indicates he was convicted of two counts of battery against a law enforcement officer under Fla. Stat. § 784.07(2)(b). However, Fla. Stat. §

8

784.07(2)(b) does not provide the elements for battery but merely states battery against a law enforcement officer is elevated from a misdemeanor of the first degree to a felony of the third degree.

In *State v. Obregon*, 309 Kan. 1267, 444 P.3d 331 (2019), the Kansas Supreme Court addressed whether the Florida battery statute is identical to or narrower than the Kansas battery statute to determine whether the district court should classify the crime as a person or nonperson felony for criminal history purposes. Similar to the case at hand, Obregon did not object to his criminal history at sentencing. Our Supreme Court found Florida's battery statute, Fla. Stat. § 784.03(1)(a), contains two ways to commit the offense: one identical to that of Kansas and one defined more broadly. 309 Kan. at 1269; compare Fla. Stat. § 784.03(1) with K.S.A. 2016 Supp. 21-5413(a). "In Florida, '[t]he offense of battery occurs when a person: 1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person.' Fla. Stat. § 784.03(1)(a)." 309 Kan. at 1272. In Kansas, the offense of battery occurs by "(1) [k]nowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2016 Supp. 21-5413(a). Our Supreme Court noted touching against the will of the other, as explained in the Florida battery statute, is broader than the Kansas battery statute because unwanted touching does not necessarily amount to touching in a rude, insulting, or angry manner. 309 Kan. at 1272-73.

Though the PSI report generally satisfies the State's burden without the defendant's objection, that is not the case when the PSI report does not establish which version of an out-of-state offense the defendant violated. Based on Obregon's PSI report alone, there was not substantial competent evidence to support a finding that Obregon committed a Florida offense that was comparable to a Kansas person crime. The Kansas Supreme Court held: "[F]ailing additional proof, the person crime classification is erroneous as a matter of law . . . [and] the district court erred in classifying Obregon's Florida battery

9

conviction as a person crime." 309 Kan. at 1275. The *Obregon* court remanded for the district court to determine the appropriate classification. 309 Kan. at 1275-76.

The analysis here is nearly identical to *Obregon*. McCullough's PSI report does not reflect which version of the Florida battery statute he was convicted of violating. To properly calculate McCullough's criminal history score, the district court must determine which Florida battery offense McCullough committed. If the State cannot prove McCullough intentionally caused bodily harm to another person or if the offense occurred under the unwanted touching provision, then the offense translates to a nonperson felony in Kansas. See 309 Kan. at 1275.

Because the PSI report here did not meet the threshold requirement of providing substantial competent evidence to support a finding McCullough committed a Florida offense comparable to a Kansas person crime, McCullough's person crime classification was erroneous as a matter of law without more proof. We remand to the district court to reconsider McCullough's criminal history score. If the district court finds the score to be incorrect resulting in an illegal sentence, it must vacate McCullough's sentence and resentence him utilizing the correct score. If the district court finds the score to be correct, then McCullough's existing sentence stands.

Affirmed in part and remanded with directions.